In re Gilbert VILLEGAS and Lisa Villegas, Debtors.

VALLEY OAK CREDIT UNION, Appellants,

v.

Gilbert VILLEGAS and Lisa Villegas, Appellees.

BAP No. EC 90–1802 RPAs. Bankruptcy No. 189–05486–A–7. Adv. No. 190–0038.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument on April 1, 1991.

Decided Oct. 25, 1991.

Before RUSSELL, PERRIS and ASHLAND, Bankruptcy Judges.

## OPINION

RUSSELL, Bankruptcy Judge:

### I. FACTS

Counsel for the appellant, Valley Oak Credit Union ("Valley"), filed a complaint objecting to discharge of the debtors, Gilbert and Lisa Villegas ("the Villegases"), on February 26, 1990. The *pro se* debtors did not file an answer. On April 30, 1990, the first hearing on the complaint, the court entered a default against the debtors. Mrs. Villegas was present.[1] The hearing was continued to June 19, 1990 at which time the court was to take testimony as to the amount of elements of the § 727 complaint[2].

On June 19, 1990, the court proceeded with "taking evidence on the complaint to deny discharge under 727(a)(4) and (a)(5)."

---

1. The court discussed the entry of default with Mrs. Villegas who indicated that although she received a copy of the complaint, she was unable to afford hiring an attorney and had not gone to the Fresno County Legal Services.

2. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

Mrs. Villegas was also present at that hearing. Valley had filed a Motion for Judgment on the Pleadings and the matter was continued to July 11, 1990. The Villegases were both subpoenaed and appeared at the July 11, 1990 hearing where the court conducted a direct examination of the debtors. Counsel for Valley cross-examined the Villegases.

The court took the matter under submission on the condition that if it ruled against Valley on the motion, Valley had the right to request time to rebut, conduct discovery or amend the complaint. The court filed an intended decision with Findings of Fact and Conclusions of Law. The court denied Valley's motion for judgment on the pleadings and objection to discharge and gave Valley fifteen days from the date of proof of service to file a motion requesting the right to amend its complaint or request additional time for discovery before the intended decision would become final.

Valley did not file such a motion and appeals from the courts decision.[3]

## II. ISSUES

1. Whether the court abused its discretion in denying Valley's motion for judgment on the pleadings where no answer has been filed and a default has been entered on a § 727 complaint.

2. Whether the court abused its discretion in conducting an evidentiary hearing for a default judgment.

3. Whether the court abused its discretion in entering judgment in favor of the Villegases.

## III. STANDARD OF REVIEW

■ We review the court's denial of a motion for judgment on the pleadings for an abuse of discretion. *See Flora v. Home Federal Sav. and Loan Ass'n.*, 685 F.2d 209, 212 (7th Cir.1982).

■ Denial of a default judgment under Federal Rule of Civil Procedure 55(b) is reviewed for an abuse of discretion. *Eitel*

*v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986).

## IV. DISCUSSION

### A. THE COURT IS PRECLUDED FROM GRANTING A MOTION FOR JUDGMENT ON THE PLEADINGS WHERE NO ANSWER HAS BEEN FILED.

Valley filed a Motion for Judgment on the Pleadings on the grounds that "Defendants, by failing to answer Plaintiff's Complaint herein, have admitted the allegations of Plaintiff supporting denial of discharge...." Valley contends that the bankruptcy court erred as a matter of law in not granting its motion for judgment on the pleadings on at least three accounts:

(1) The [bankruptcy court] should have decided the Motion strictly on the law and on the basis of what was before it in the pleadings, which it did not do; (2) The [bankruptcy court] inserted its own requirement into F.R.Civ.P. 8 that averments, to be deemed admitted must be "well-pleaded;" (3) The [bankruptcy court] erred in finding that Appellant's Complaint was not well-pleaded.

Federal Rule of Civil Procedure 12(c) provides:

*After the pleadings are closed* but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12 (West 1982) (emphasis added).

■ Judgment on the pleadings is available only when the pleadings are closed. *Flora v. Home Federal Sav. and Loan Ass'n.*, 685 F.2d 209, 211 (7th Cir.1982)

---

**3.** Pursuant to Valley's Ex Parte Application for Order Clarifying Finality of Intended Judgment for Purpose of Appeal and Order Thereon, the court's judgment became effective on August 18, 1990. The judgment was entered on August 13, 1990.

(judgment on the pleadings appropriate after pleadings are closed); *City Bank v. Glenn Constr. Corp.,* 68 F.R.D. 511 (D.Haw.1975); *see also Geltman v. Verity,* 716 F.Supp. 491, 492 (D.Colo.1989) (motion for judgment on the pleadings may not be filed *before* answer). Pleadings are not closed until at least an answer has been filed. *Williams v. Walnut Park Plaza,* 68 F.Supp. 957 (E.D.Pa.1946).

■ Judgment on the pleadings may not be entered where no answer has been filed. *Flora v. Home Federal Sav. and Loan Ass'n.,* 685 F.2d 209 (7th Cir.1982); *Hetman v. Fruit Growers Express Co.,* 200 F.Supp. 234, 237 (D.N.J.1961); *see also Gray v. Rankin,* 721 F.Supp. 115 (S.D.Miss.1989). A motion for judgment on the pleadings is not the correct procedural remedy when no answer has been filed, rather a motion for entry of default judgment should be made. *General Motors Corp. v. Blevins,* 144 F.Supp. 381, 389 (D.Colo.1956); *Poliquin v. Heckler,* 597 F.Supp. 1004 (D.Me.1984).

■ The bankruptcy court denied Valley's motion for judgment on the pleadings on the merits. We may affirm on any ground supported by the record. *Islamic Republic of Iran v. Boeing Co.,* 771 F.2d 1279, 1288 (9th Cir.1985) *cert. denied,* 479 U.S. 957, 107 S.Ct. 450, 93 L.Ed.2d 397 (1986). Valley's motion for judgment on the pleadings must be denied on a procedural basis. The denial of Valley's motion for judgment on the pleadings is therefore, AFFIRMED.

## B. DENIAL OF ENTRY OF DEFAULT JUDGMENT

■ Valley's motion for judgment on the pleadings is more properly treated as an application for default judgment pursuant to Fed.R.Civ.P. 55.[4]

Default judgments are governed by Fed. R.Civ.P. 55, made applicable to bankruptcy proceedings by Bankruptcy Rule 7055, which provides:

Default

(a) Entry

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment

Judgment by default may be entered as follows:

(1) By the clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

(2) By the court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; ....
If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed.R.Civ.P. 55 (West 1982).

The bankruptcy court entered a default against the Villegases at the April 30, 1990 hearing on Valley's complaint. The court made it clear at that hearing that testimony would then be taken for entry of a default judgment.

---

**4.** Valley's motion, filed after entry of default, requests a judgment based on the fact that the plaintiffs failed to file an answer.

At the next hearing, counsel for Valley was not prepared to present any evidence: "I assumed that because our complaint was not contested that the plaintiff, that those allegations had been deemed admitted *and that the judgment could be made on those basis.*" (emphasis added). However, entry of default does not automatically entitle the nondefaulting party to entry of a default judgment regardless of the fact that the effect of entry of a default is to deem allegations admitted.[5]

The court has wide discretion in determining whether to enter a default judgment under Rule 55. *See generally* 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure* Civil 2d § 2685 (1983). Similarly, a trial court has broad discretion as to the nature of the hearing that it will hold pursuant to Rule 55(b)(2) in determining whether to enter a default judgment. This language of the rule itself confirms the discretion of the trial court to hold such hearings "as it deems necessary and proper." Fed.R.Civ.P. 55(b). This provides the trial court with discretion to require, at a hearing under Rule 55(b)(2), some proof of the facts that are necessary to a valid cause of action or to determine liability. *See Peerless Industries, Inc. v. Herrin Illinois Cafe, Inc.*, 593 F.Supp. 1339, 1341 (E.D.Mo.1984), *aff'd without opinion* 774 F.2d 1172 (8th Cir.1985); Wright, Miller and Kane, at § 2688.

Entry of default does not entitle the nondefaulting party to a default judgment as a matter of right. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir.1990); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.1984) *cert. denied*, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir.1983).

The factors to be considered for entry of a default judgment include:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–2 (9th Cir.1986) (citation omitted).

Given the conclusory nature of Valley's allegations regarding the knowing or fraudulent nature of the alleged false oaths, the bankruptcy court acted within its discretion in requiring a hearing to consider proof of the facts necessary to deny the discharge.[6] In connection with this hearing, the bankruptcy court acted within its discretion in considering the testimony of the Villegases, who were subpoenaed and relied upon by Valley to establish its case, in determining that the evidence presented by Valley Oak did not prove its case and in refusing to enter default judgment in favor of the appellant.

We therefore conclude that the court did not abuse its discretion in conducting an evidentiary hearing pursuant to Rule 55(b)(2) and AFFIRM the refusal to enter default judgment in favor of Valley.

### C. ENTRY OF JUDGMENT IN FAVOR OF THE DEFAULTING PARTY

While a trial court has great discretion in considering issues and evidence in a hearing pursuant to Rule 55(b)(2), we find no authority that would allow a trial court to enter judgment in favor of the defaulting party following such a hearing. To enter such a judgment against the non-defaulting party because of the failure of that party to sustain its burden of proof would make the hearing under

---

5. The general rule is that upon default, factual allegations of a complaint will be taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.1977).

6. While Rule 55(b)(2) contemplates a hearing as to the amount of damages, the above authorities indicate that a hearing under Rule 55(b)(2) is not necessarily limited to the issue of damages. This is especially true where, as in this proceeding seeking to deny a discharge, damages are not an issue.

Rule 55(b)(2) the same as a trial on the merits. In this regard, the appellants were, in essence, forced to trial without having the benefit of the procedural protection offered by the Federal Rules of Civil Procedure, including the opportunity to conduct discovery in accordance with these rules.[7]

Valley is entitled to a full and fair trial on the allegations of its complaint. We REVERSE the judgment entered in favor of the Villegases and REMAND this case to allow Valley the opportunity to conduct discovery and present their case at trial.[8]

## V. CONCLUSION

The bankruptcy court's denial of Valley's motion for judgment on the pleadings is AFFIRMED. The court did not abuse its discretion in conducting an evidentiary hearing and the order denying entry of default judgment is AFFIRMED. Further, the order granting judgment in favor of the Villegases is REVERSED and this case is REMANDED for discovery and a trial on Valley's § 727 complaint.

ASHLAND, Bankruptcy Judge, dissenting:

While I agree with the discussion in parts IV A. and B., I respectfully disagree that judgment cannot be entered in favor of the defaulting party, particularly in this case.

I recognize that no authorities exist that specifically authorize the entry of a judgment in favor of the defaulting party after the bankruptcy court holds a hearing, considers evidence pursuant to Rule 55(b)(2), and determines that the plaintiff has failed to establish its right to a judgment. I believe that a bankruptcy court's authority to enter judgment for the defaulting party is implicit in the authority to hold a hearing and consider evidence.

Where a plaintiff has had a full and fair opportunity to conduct discovery and where the evidence presented at the hearing held pursuant to Rule 55(b)(2) indicates that the plaintiff cannot sustain its burden of establishing its right to relief, a trial court has the discretion to enter a judgment in favor of the defaulting party. If this were not the case, the trial court would be forced to deny the motion for entry of a default judgment and schedule a trial, at which the court would simply consider the same evidence as was presented earlier and make the same determination—that the plaintiff has not sustained its burden of proof—before it could enter a judgment in favor of the defaulting party. To require such a convoluted proceeding where the plaintiff would otherwise receive a full and fair opportunity to conduct discovery and litigate its claim for relief, would elevate form over substance and would constitute a drain on judicial resources while contributing nothing to the substantive or procedural rights of the parties.

The situation in this appeal falls within the scope of the narrow circumstances under which a trial court may enter a judgment for the defaulting party after a hearing under Rule 55(b)(2) because Valley had a full and fair opportunity to litigate its claim for relief. The bankruptcy court indicated prior to the hearing that Valley would be required to present evidence on the merits of its claim for relief. Although Valley tried to evade this requirement by moving for a judgment on the pleadings, it did present its evidence. The bankruptcy court considered the evidence presented by Valley as well as the testimony of the debtors and found that Valley had failed to sustain its burden of proving entitlement to the relief requested by its complaint. The record amply supports the bankruptcy court's findings that the debtors did not knowingly and fraudulently make a false oath and that the debtors satisfactorily ex-

---

**7.** Although the bankruptcy court's intended decision did provide Valley with an opportunity to file a motion requesting specific additional discovery that the court later denied, this procedure is not equivalent to the opportunity for discovery afforded by Fed.R.Civ.P. 26 *et seq.*

**8.** We make no decision on whether the court should allow Valley to amend its proceedings if it so moved.

plained any loss of assets. The bankruptcy court afforded Valley the opportunity to request additional discovery or request leave to amend its complaint before the intended decision would become final. Although the bankruptcy court invited Valley to request additional discovery or request leave to file an amended complaint, Valley chose not to do so. Given Valley's decision, coupled with the notice to and opportunity of Valley to present evidence at the default hearing, there is no indication that the trial of this matter would lead to the consideration of additional evidence or to a different result. The bankruptcy court, therefore, acted within its discretion in entering judgment in favor of the debtors. Any failure of the bankruptcy court's actions to comply strictly with the pertinent procedural rules is consistent with substantial justice, does not impair substantial rights of the parties and, therefore, does not justify reversing the bankruptcy court's judgment. I would affirm.