29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leonard ASHTON, Plaintiff-Appellant,
v.
Lynn PARK; Anna L. Daddazio; United States Internal
Revenue Service, Defendants-Appellees.
 No. 93-56507.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 20, 1994.*
Decided July 21, 1994.
 
 1
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Leonard Ashton appeals pro se the district court's order granting the United States' motion for judgment on the pleadings and the Internal Revenue Service employees' motion to dismiss. This court lacks jurisdiction over this appeal because the district court's order is not a "final order" appealable pursuant to 28 U.S.C. Sec. 1291.
 
 
 4
 Although the district court has not entered a final judgment, this fact alone does not deprive us of jurisdiction over the appeal. Hollywood v. City of Santa Maria, 886 F.2d 1228, 1229 (9th Cir.1989) (citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 388 (1978) (per curiam)). We must therefore determine whether the order is "a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Dannenberg v. Software Toolworks Inc., 16 F.3d 1073, 1074 (9th Cir.1994) (quotations omitted).
 
 
 5
 Defendants-appellees argue that the order disposing of the claims against them is not an appealable final order because the litigation is still pending against defendants Pam McLaughlin and Lynn Park. Although the clerk of court entered defaults against McLaughlin and Park pursuant to Federal Rule of Civil Procedure 55(a), the court has not entered default judgments against these defendants, as required by Federal Rule of Civil Procedure 55(b). Because "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right," In re Villegas, 132 B.R. 742, 746 (Bankr. 9th Cir.1991), the entries did not end the litigation on the merits. Cf. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986) (listing factors for district court to consider in granting default judgment subsequent to clerk's entry of default); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986) (entry of default is not a final appealable order). Because the order did not dispose of the claims against all of the defendants, we conclude that it is not a final order. See Fed.R.Civ.P. 54(b); Patchick v. Kensington Publishing Corp., 743 F.2d 675, 677 (9th Cir.1984). We thus lack jurisdiction to hear this appeal.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3