NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-11-1078-PaDKi |
| | ) | |
| THI HO, | ) | Bk. No.   LA-10-42200-RN |
| | ) | |
| Debtor. | ) | Adv. No.   LA-10-02686-RN |
| _____ | ) | |
| | ) | |
| THI HO, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| BANK OF AMERICA, N.A.; | ) | |
| REGIONAL SERVICE CORPORATION; | ) | |
| MILES, BAUER, BERGSTROM, | ) | |
| WINTERS, LLP, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument on September 23, 2011

Filed – October 5, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Richard M. Neiter, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Thi Ho, pro se, on brief; Chaise R.
Biven of Severson & Werson on brief for Appellee
Bank of America, N.A.

_____

Before: PAPPAS, DUNN and KIRSCHER, Bankruptcy Judges.

_____

[1]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Chapter 7[2] debtor and appellant Thi Ho ("Ho") appeals the bankruptcy court's orders dismissing her adversary proceeding against appellees Bank of America, N.A. ("BANA"), Regional Service Corporation ("RSC") and Miles, Bauer, Bergstrom, Winters, LLP ("MBBW") and the court's order denying Ho's motion for reconsideration of those dismissal orders.  We AFFIRM.

**FACTS**

This is the second recent appeal from the Ho bankruptcy case.  The first appeal resulted in an unpublished decision affirming the bankruptcy court's order granting BANA relief from the automatic stay to pursue eviction of Ho from real property ("Property").  Ho v. Bank of America, N.A. (In re Ho), BAP case no. CC-10-1363 (9th Cir. BAP, August 9, 2011).  For clarity, this earlier case is referred to as In re Ho I.

### The Underlying Foreclosure Sale

On May 13, 2008, Javier A. Romero and Yvelise Orta (the "Borrowers") purchased residential property in Downey, California (the "Property").  The Borrowers financed purchase of the Property with two loans from BANA, a first mortgage loan for $850,000 and a second mortgage loan for $400,000.  These loans were secured by separate deeds of trust.

The Borrowers fell behind in payments and on September 9, 2009, a notice of default was recorded stating that they were

---

[2]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

$51,030.92 in arrears on the first loan. On December 14, 2009, BANA recorded the substitution of RSC as trustee under the note. That same day, RSC recorded a notice of trustee's sale, scheduling a foreclosure on the Property for December 31, 2009. The foreclosure sale was held on January 6, 2010, BANA was the successful bidder, and a trustee's deed upon sale was recorded on January 14, 2010. All these documents were recorded in the Official Records of Los Angeles County.

Ho's name does not appear on any of the above documents filed in the Official Records.

On April 27, 2010, the Borrowers and "Does 1-10" were given a Notice to Vacate. This was followed on May 10, 2010, with a summons and complaint initiating an unlawful detainer proceeding in Los Angeles Superior Court. Bank of America v. Orta, et al., case no. 10C01936. Transcripts of the state court proceedings are not in the record before us. An unlawful detainer judgment was entered on July 14, 2010, and a writ of possession was granted on July 22, 2010. In addition to the Borrowers, judgment and the writ of possession were specifically awarded against Ho.[3] Ho appealed the unlawful detainer judgment to the California Court of Appeals on September 24, 2010. That appeal is pending.

---

[3]BANA filed a Request for Judicial Notice with this Panel on May 25, 2011, relating to a number of other state court proceedings and documents involving the Borrowers, other third parties, and Ho. BANA indicated in its request that the documents would support its opening brief. Because BANA provided no information about the documents requested or other justification for notice, BANA's request is DENIED.

3

Ho filed a voluntary petition under chapter 7 on August 2, 2010.

Within days, BANA moved for relief from the automatic stay to allow it to enforce the unlawful detainer judgment and writ of possession against Ho. In Re Ho I at 2. Following briefing from both parties, the bankruptcy court held a hearing on the motion for relief from stay on September 13, 2010. The court posted a tentative ruling before the hearing, in which it found cause for relief from stay under § 362(d)(1) based on the prepetition foreclosure sale and writ of possession, and for relief under § 362(d)(2) because the debtor had neither equity in the Property nor was it necessary for reorganization. Id. at 12. The court entered its order granting relief from stay on September 16, 2010. Id. at 6. On appeal, the Panel affirmed the bankruptcy court's order on August 9, 2011.

The day before the hearing on relief from stay, September 13, 2010, Ho filed a complaint initiating the adversary proceeding leading to this appeal. Ho's complaint, much like her brief in this appeal, is disjointed and difficult to follow. The crux of the complaint seems to be that the foreclosure sale, unlawful detainer action, subsequent unlawful detainer judgment and writ of possession were improper, fraudulent, illegal and invalid. All of Ho's allegations in the complaint, however, would appear to be premised on an alleged illegal foreclosure of the Property conducted by RSC. Ho alleges in her complaint that, "[t]he illegal foreclosure consisted of a scam which deployed a false Substitution of Trustee over a deed of trust executed by

4

defendant Regional Service Corporation. In this scam, no assignment is actually executed by the authorized trustee, PRLAP Inc." Based on this purported "Fraudulent Substitution of Trustee," Ho alleges that the subsequent foreclosure sale and BANA's purchase of the Property were invalid because RSC had no authority to conduct the sale. Further, since the foreclosure was invalid, so too was the unlawful detainer proceeding because BANA never obtained title to the Property. Ho's various other claims were procedural, generally seeking to overturn the foreclosure and subsequent unlawful detainer.

RSC moved for dismissal under Civil Rule 12(b)(6) on October 13, 2010. RSC argued that Ho failed to state a claim for relief, based on Ho's misunderstanding of the law regarding substitute trustees. Further, RSC alleged that Ho did not have standing because Ho's claim to title by adverse possession of the Property is not supported by the facts or legal authority.

MBBW, BANA's attorney in the foreclosure and unlawful detainer actions and defendant in the adversary proceeding, moved for dismissal on October 14, 2010. MBBW argued that Ho did not have standing because the claims asserted would belong to her bankruptcy estate. Additionally, MBBW attempted to address each of the state law claims asserted in the complaint, arguing that Ho had only presented conclusory arguments devoid of facts.

BANA moved for dismissal under Civil Rule 12(b)(6) on November 9, 2010. BANA argued that Ho did not have standing because she was not the real party in interest, both on the grounds that her chapter 7 trustee was the real party in interest

5

to prosecute claims for her estate and that she could not establish the elements of adverse possession. BANA also examined the state law claims, generally asserting that they were inconsistent with established law.

Ho responded to RSC's and MBBW's motions to dismiss on November 2, 2010. In addition to generally defending her positions in the complaint, Ho asserted two rights: first, that as a pro se litigant she be treated with leniency; second, to the extent that her complaint contains procedural errors, she be allowed to amend the complaint. Ho also objected that she did not have proper service of the motions to dismiss.

On November 5, 2010, Ho filed a request for entry of default against BANA because it had not made a timely appearance in the Adversary Proceeding.

On November 24, 2010, Ho moved to strike BANA's motion to dismiss for two reasons: first, BANA failed to respond to the complaint by October 24, 2010; second, BANA lacked standing to appear in the adversary proceeding.

After several continuances, the bankruptcy court held a hearing on the three motions to dismiss on December 9, 2010. Before the hearing, the court posted its tentative ruling on the motions. The tentative ruling included the following determinations: (1) The complaint asserts a claim to recover property of the estate under § 548. Ho does not have standing to assert claims under § 548, which may only be asserted by her chapter 7 trustee, and this claim may not be abandoned to the debtor by the trustee. (2) Ho is barred by collateral estoppel

6

from asserting the state law claims, which were already litigated in the state court. (3) Ho does not have standing to assert the state law claims because she was not a party to the deed of trust for which she claims she was injured, and her argument that she owned the Property by adverse possession was not proven. (4) Even if the court considered the state law claims, Ho's arguments are purely conclusory and cannot survive a Civil Rule 12(b)(6) challenge. (5) The state law claims were abandoned by the trustee and she could pursue them in state court. Based on the tentative dismissal of Ho's Complaint, the bankruptcy court stated that it would deny Ho's pending motions to strike BANA's motion to dismiss as moot and would not reach Ho's pending request for entry of default against BANA.

At the hearing on December 9, 2010, BANA, RSC and MBBW were each represented by counsel and Ho appeared pro se. Ho was asked by the bankruptcy court to address the issue of standing as discussed in the tentative ruling. Ho noted that the State Court's Order had been appealed, and the appeal was pending. She further made a request to amend her fraud claim. In response, the bankruptcy court asked her if the claims she asserted in the Complaint were any different from the claims she already had asserted in State Court. Ho was not able to articulate any differences, but she reiterated her request to be allowed to amend her Complaint. The bankruptcy court ultimately denied her request to amend the complaint as futile because she did not have standing and stated that it would grant all three Motions to Dismiss.

The order granting the motions to dismiss of BANA and MBBW was entered on December 21, 2010. The order granting RSC's motion was entered on January 20, 2011.

On December 20, 2010, Ho moved for rehearing of the orders dismissing the adversary proceeding under "Rule 8015." In her motion, Ho argued that the bankruptcy court erred in relying on collateral estoppel to support dismissal of the Adversary Proceeding in that the State Court's Order was on appeal and consequently not final. Ho further argued that the bankruptcy court should revisit its ruling on standing "because the debtor is in Common Law Adverse Possession, and the said issue is not at issue in the adversary case . . . ."[4]

BANA, RCS and MBBW filed oppositions to the motion for reconsideration. All three opposition pleadings implicitly agreed with Ho that the bankruptcy court could not rely on collateral estoppel in its decision to dismiss. However, all three oppositions pointed out that Ho's motion did not address the standing issue or that the state law claims failed to state a claim for relief.

The bankruptcy court scheduled a hearing on the reconsideration motion for January 13, 2010. Again before the hearing, the court posted its tentative ruling. The tentative ruling conceded error in the oral ruling regarding collateral

---

[4]In her opening brief on appeal, Ho states that she also argued in the motion for reconsideration that "the trustee, Howard Ehrenberg, has abandoned the estate . . .." Appellant's Opening Brief at 6. In fact, that argument is not made in the Motion for Rehearing.

estoppel and now ruled that it did not apply in this proceeding. But the bankruptcy court reaffirmed its earlier rulings that Ho did not have standing because she was not a party to the deed of trust and failed to prove elements of adverse possession. Further, the court reaffirmed its finding that Ho had merely asserted conclusory arguments in her state law claims and thus failed to survive the Civil Rule 12(b)(6) challenge.

Finally, the court noted that RSC's opposition to reconsideration had pointed out a fundamental flaw in Ho's complaint. Ho contended that RSC was not the authorized trustee of record, nor did it have the original trustee's permission to execute a foreclosure of the Property. However, Cal. Civ. Code § 2934a provides that a lender may at any time appoint a successor trustee by recording that substitution in the Official Records of the county where the property is located. Ho has never disputed that BANA is the lender under the deeds of trust. BANA's substitution of RSC for the original trustee, PRLAP, Inc., was recorded in the Official Records of Los Angeles County on December 14, 2009. Cal. Civ. Code § 2934a(d) goes on to state that a recorded substitution "shall constitute conclusive evidence of the authority of the substituted trustee."

A transcript of the hearing on January 13, 2011 is not in the excerpts of record or the bankruptcy court docket. On February 2, 2011, the bankruptcy court entered its order denying the motion for reconsideration, but providing that the order of January 20, 2011 granting the motion to dismiss was amended "to state that collateral estoppel does not apply in this instance."

9

Ho filed a timely appeal on February 15, 2011.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), (H), (K) and (O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether Ho had standing to prosecute the claims asserted in the Complaint.

Whether the bankruptcy court abused its discretion in declining to enter a default judgment against BANA.

Whether the bankruptcy court abused its discretion in its reconsideration rulings.

**STANDARDS OF REVIEW**

Standing is a legal issue that we review de novo. Loyd v. Paine Webber, Inc., 208 F.3d 755, 758 (9th Cir. 2000); Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009). We review the bankruptcy court's dismissal of an adversary proceeding under Civil Rule 12(b)(6) de novo. N.M. State Inv. Council v. Ernst & Young LLP, 641 F.3d 1089, 1094 (9th Cir. 2011); Transcorp/Avant v. Pioneer Liquidating Corp. (In re Consol. Pioneer Mortg. Entities), 205 B.R. 422, 424 (9th Cir. BAP 1997). A dismissal of an adversary complaint without leave to amend is reviewed de novo. Id.; Polich v. Burlington North., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). De novo review means that the reviewing court does not defer to the trial court's rulings but freely considers the matter anew, as if no decision had been rendered in the trial

10

court.  Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

Denial of a request for entry of a default judgment is reviewed for an abuse of discretion.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986); Valley Oak Credit Union v. Villegas (In re Villegas), 132 B.R. 742, 744 (9th Cir. BAP 1991).

Orders granting or denying reconsideration are reviewed for abuse of discretion.  Arrow Elecs., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000).

In applying an abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested."  United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal rule was applied, we then consider whether its "application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record."  Id. (internal quotation marks omitted).  Only in the event that one or more of these three apply are we then able to find that the bankruptcy court abused its discretion.  Id.

**DISCUSSION**

**I.**
**Ho did not have standing to pursue the claims in the complaint.**

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  Warth v. Seldin, 422 U.S. 490, 498 (1975); Thomas v. Mundell, 572 F.3d 756, 760 (9th Cir. 2009).  Standing has both constitutional and prudential dimensions.  Elk Grove Unified Sch. Dist. v. Newdow,

11

542 U.S. 1, 11 (2004); Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1121-22 (9th Cir. 2010); Veal v. Am. Home Mortg. Serv., Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011). The bankruptcy court correctly determined that Ho lacked standing to bring the claims in the complaint under both the constitutional and prudential dimensions.

A. Constitutional Standing

The irreducible constitutional minimum for standing contains three elements, and the party asserting standing bears the burden of proof as to all three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (emphasis added).

> First, the plaintiff must prove that he suffered an "injury in fact," i.e., an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," Id. at 560 (citations, internal quotation marks, and footnote omitted). Second, the plaintiff must establish a causal connection by proving that her injury is fairly traceable to the challenged conduct of the defendant. Id. at 560-61, Third, the plaintiff must show that her injury will likely be redressed by a favorable decision. Id. at 561.

Chandler, 598 F.3d at 1122 (citing Lujan, 504 U.S at 560-61). The bankruptcy court found that Ho failed to satisfy both the first and second elements of standing. The court found that BANA clearly established by documentary evidence that Ho was not a party to the Deeds of Trust for which she claims to be injured by the foreclosure. Since she was not a party to the security instruments that the Appellees allegedly wrongfully foreclosed, the bankruptcy court reasoned that she did not suffer an injury in fact from the alleged fraudulent foreclosure of those Trust

12

Deeds to obtain title to the Property. The court found that Ho failed to negate that position. The court also found that, even assuming that the foreclosure had been fraudulent, the only parties injured by the foreclosure were the Borrowers, not Ho.

The only link with the Property, the foreclosure and the resulting "injury" that Ho asserts is her claim to ownership by adverse possession of the Property. In her Complaint, Ho asserted that she was not indebted to any of the Appellees and that she was the owner of the Property by Adverse Possession. In her Motion for Rehearing, Ho asserted that her claim to the Property was based on "common law adverse possession," and she did not plead any statutory right to adverse possession.

However, her claim is without any basis in law. The California Supreme Court has held a party must establish a claim to adverse possession under California statutes. See Sorensen v. Costa, 196 P.2d 900, 903-04 (Cal. 1948) ("A person claiming title to property by adverse possession must establish his claim under either section 322 or under sections 324 and 325 of the Code of Civil Procedure.") (emphasis added). In other words, under California law, there is no common law right to claim property by adverse possession.

California Code of Civil Procedure § 325(b) provides that

> In no case shall adverse possession be considered established under the provision of any section of this code, unless it shall be shown that the land has been occupied and claimed for the period of five years continuously, and the party or persons, their predecessors and grantors, have timely paid all state, county, or municipal taxes that have been levied and assessed upon the land for the period of five years during which the land has been occupied and claimed.

13

Payment of those taxes by the party or persons, their predecessors and grantors shall be established by certified records of the county tax collector.

The California courts strictly enforce Cal. Code Civ. P. § 325(b). Nielson v. Gibson, 178 Cal. App.4th 318, 340 (Cal. Ct. App. 2010). In the absence of evidence that the party claiming title to property by adverse possession has paid taxes on the subject property, such party's adverse possession claim fails. Mehdizadeh v. Mincer, 46 Cal. App. 4th 1296, 1305 (Cal. Ct. App. 1996) ("Mehdizadeh could not claim adverse possession of the disputed property because he did not pay taxes on it."). There was no evidence that Ho paid any taxes on the Property, or complied with any other provision of Cal. Code Civ. P. § 325(b), in the bankruptcy court or in this appeal. As the bankruptcy court summarized, "the Complaint is wanting of facts that would demonstrate existence of adverse possession in order to establish standing."

In sum, the bankruptcy court found that Ho was not a party to the Deeds of Trust and foreclosure proceeding from which she claims she was injured. To the extent that Ho claims ownership of the Property by adverse possession, the court determined that Ho had not asserted facts in the complaint or any subsequent pleading sufficient to prove the elements of title by adverse possession. In short, Ho has not established that she suffered an injury in fact in her complaint and pleadings. Thus, the bankruptcy court did not err in concluding that Ho had not met her burden of proof to establish constitutional standing to bring any of the claims in the complaint. On that basis alone, we can

14

confidently affirm the decision of the bankruptcy court

### B. Prudential Standing for § 548 Claim

The court also determined that Ho had not met her burden of proving prudential standing to assert the claim under § 548. One aspect of prudential standing is the doctrine that a movant must assert its own legal rights, and may not assert the legal rights of others. Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11 (2004); Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 960 (9th Cir. 2011); In re Veal, 450 B.R. at 907.

Although the complaint itself deals exclusively with state law claims, the adversary proceeding cover sheet filed with the complaint indicated that Ho was attempting to recover property under § 548. Section 548(a)(1) restricts the scope of the section to actions by the trustee to avoid fraudulent transfers to bring funds back into the bankruptcy estate. A trustee is the legal representative of the bankruptcy estate and as such has the capacity to sue and be sued. § 323; Joseph v. Joseph (In re Joseph), 208 B.R. 55, 60 (9th Cir. BAP 1997). Only a trustee may pursue a cause of action belonging to the bankruptcy estate. Stoll v. Quintanar (In re Stoll), 252 B.R. 492, 495 (9th Cir. BAP 2000) (citing Griffin v. Allstate Ins. Co., 920 F. Supp. 127, 130 (C.D. Cal. 1996).

The bankruptcy court found that, at the time Ho filed her adversary proceeding, Ho's chapter 7 trustee, not Ho, was the proper party to pursue a § 548 claim. Further, the court determined that the bankruptcy trustee had not abandoned the claim and that it had been administered in the bankruptcy case.

15

The bankruptcy court did not err in determining that Ho lacked prudential standing to assert the § 548 claim.

### C. Jurisdiction Over Abandoned Claims

Before leaving the discussion of standing and subject matter jurisdiction, there is one other aspect of jurisdiction in this case that should be noted. Although the bankruptcy court ruled that Ho did not have standing to assert the § 548 claim and that claim was not abandoned, it did rule that the trustee had abandoned all the state law claims asserted in the complaint. The court commented that Ho was free to pursue those claims in the state court, but did not have standing to pursue them in the bankruptcy court.

Abandonment has jurisdictional implications. When a property is abandoned, it reverts to the debtor as if no bankruptcy petition had been filed. Hopkins v. Idaho State Univ. Credit Union (In re Herter), 2011 Bankr. LEXIS 2435 * 20 (Bankr. D. Idaho 2011) (citing Dewsnup v. Timm, 908 F.2d 588, 590 (10th Cir. 1990), aff'd on other grounds, 502 U.S. 410 (1992)). When property is transferred out of the bankruptcy estate, the bankruptcy court's jurisdiction "typically lapses." Gardner v. United States, 913 F.2d 1515, 1518 (10th Cir. 1990) ("When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, and the property's relationship to the bankruptcy proceeding comes to an end."); In re Hall's Motor Transit Co., 889 F.2d 520, 523 (3d Cir. 1989); In re Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987); Crowder v. Given (In re Crowder), 314 B.R. 445, 449 (10th Cir. BAP 2004)

16

("[P]roperty interests of the bankruptcy estate are within the exclusive jurisdiction of the bankruptcy court; but the court's jurisdiction typically lapses when the property leaves the estate[.]").

The bankruptcy court did not err in determining that Ho did not have constitutional standing to assert any claims in her complaint. The court did not err in determining that Ho did not have prudential standing to assert the § 548 claim. And the court did not err in determining that, following abandonment, Ho could not pursue the state law claims in the bankruptcy court.

A dismissal for lack of standing is a subspecies of dismissal for failure to state a claim under Civil Rule 12(b)(6). Quarre v. Saylor (In re Saylor), 178 B.R. 209, 215 (9th Cir. BAP 1995), aff'd, 108 F.3d 219 (9th Cir. 1997). Consequently, the bankruptcy court did not err in dismissing Ho's adversary proceeding for lack of standing under Civil Rule 12(b)(6).

## II.
## The bankruptcy court did not err in declining Ho's request for entry of default against BANA.

Ho argues that the bankruptcy court erred in declining to enter a default against BANA in the Adversary Proceeding because BANA failed to file a timely response after being appropriately served with the Complaint. What Ho clearly wants is a default judgment against BANA, as argued in her opening brief.

The entry of defaults and default judgments is governed by Civil Rule 55, applicable in adversary proceedings under Rule 7055. A bankruptcy court has "wide discretion" in determining whether it is appropriate to enter a default judgment. See,

17

e.g., In re Villegas, 132 B.R. at 746. Under Civil Rule 55(b)(2),

>The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"This provides the trial court with discretion to require, at a hearing under [Civil] Rule 55(b)(2), some proof of the facts that are necessary to a valid cause of action or to determine liability." In re Villegas, 132 B.R. at 746 (citations omitted).

>Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d at 1471-72. Entry of a default does not entitle a party to judgment as a matter of right. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Warner Bros. Entm't, Inc. v. Caridi, 346 F.Supp. 2d 1068, 1071 (C.D. Cal. 2004).

Default had not been entered against BANA at the time of the hearing on the Motions to Dismiss. In light of our previous conclusion that the bankruptcy court did not err in dismissing the Adversary Proceeding based on Ho's patent lack of standing, we conclude that the bankruptcy court did not abuse its discretion in declining to enter a default judgment in Ho's favor against BANA in the Adversary Proceeding. Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980) ("Given the lack of merit

18

in appellant's substantive claims, we cannot say that the district court abused its discretion in declining to enter a default judgment in favor of appellant.").

## III.
### The bankruptcy court did not abuse its discretion in its reconsideration rulings.

Ho has appealed the Order Denying Plaintiff's "Motion for Rehearing (Pursuant to Rule 8015) Regarding to the Dismissal of Adversary Proceeding." On several grounds, we affirm the decision of the bankruptcy court.

First, although Ho listed this order in her notice of appeal, she failed to discuss it at all in her brief. An appellate court in this circuit "will not review issues which are not argued specifically and distinctly in a party's opening brief." City of Emeryville v. Robinson, 621 F.3d 1251, 1261 (9th Cir. 2010).

Second, the bankruptcy court properly determined that Rule 8015 is only applicable in appeals in the district court and bankruptcy appellate panel. Apparently, the bankruptcy court did apply the proper procedural basis for the motion, Civil Rule 59(e), made applicable in bankruptcy proceedings by Rule 9023. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 863 (9th Cir. 2004)(motions for reconsideration filed within ten days of judgment are considered motions to alter or amend judgment under Civil Rule 59(e)).[5]

---

[5]Rule 9023 was amended in 2009 to enlarge the time period for requesting alteration or amendment of judgment from ten days
(continued...)

A motion for reconsideration under Rule 9023/Civil Rule 59(e) should not be granted unless the court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. Kona Enter., Inc. v. Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Ho argued successfully, and unopposed by the other parties, that the bankruptcy court had clearly erred in its earlier ruling on the collateral estoppel basis for dismissal. The court did indeed reconsider its previous position, and amended its dismissal order to state that collateral estoppel does not apply.

Ho alleged no other errors in its rehearing motion, nor suggested that there was newly discovered evidence or an intervening change in law. We conclude that the bankruptcy court did not abuse its discretion in its reconsideration rulings.

**CONCLUSION**

The bankruptcy court did not err in concluding that Ho lacked standing to prosecute the claims in the Complaint in the Adversary Proceeding. Accordingly, the bankruptcy court did not err in dismissing the Complaint without leave to amend. In these circumstances, the bankruptcy court did not abuse its discretion in declining to enter a default judgment in Ho's favor against BANA. And the court did not abuse its discretion in its reconsideration rulings. We AFFIRM.

---

[5](...continued)
to fourteen days. This change is of no consequence in this appeal, because Ho moved for reconsideration within ten days of the oral ruling dismissing the complaint.