MEMORANDUM AND ORDER
 

 DAVIS, District Judge.
 

 INTRODUCTION
 

 Presently before the court is defendant’s motion for dismissal, or, in the alternative, for summary judgment. For the following reasons, the motion is DENIED in part and GRANTED in part.
 

 PROCEDURAL BACKGROUND
 

 This motion arises at a very early stage in the litigation; aside from defendant’s statement that it has made initial disclosures made pursuant to Fed.R.Civ.P. 26(a)(1), there has been no discovery conducted in this case. Along with its brief in support of dismissal, defendant submits matter outside the pleadings in an attempt to convert its motion to one for summary judgment. Whether a motion to dismiss should be thus converted and extra-pleading material considered is a matter entrusted the sound discretion of the Court.
 
 Sheldon v. Munford, Inc.,
 
 660 F.Supp. 130, 136 (N.D.Ill. 1987). Although plaintiff responds with his own affidavits, the Court concludes that “the parties are in no position to present all material pertinent to a motion for summary judgment.”
 
 Ospina v. Del. Dep’t of Corrections,
 
 749 F.Supp. 572, 575 (D.Del.1990). As such, it is appropriate to disregard the affidavits proffered by the parties and treat defendant’s motion as one for dismissal.
 
 [1]
 

 PLAINTIFF’S ALLEGATIONS
 

 Plaintiff alleges that while employed by defendant, he was subjected to a sexually-hostile work environment by his supervisor, who is also a male. Plaintiff claims that his supervisor repeatedly referred to him as a “eocksucker”. Complaint, at para. 16. Plaintiff also claims that the acts of his supervisor amounted to “quid pro quo” harassment as well, alleging that his supervisor demanded that plaintiff perform oral sex upon him.
 
 Id.
 
 These demands, as described by plaintiff, reflected the crudity of language which would be expected to accompany such requests. Plaintiff asserts that this conduct is actionable under 42 U.S.C. § 2000e,
 
 et seq.
 
 (“Title VII”), and Minn.Stat. § 363.01,
 
 et seq.,
 
 the Minnesota Human Rights Act (“MHRA”) as sex harassment and under the MHRA as perceived sexual-orientation harassment.
 

 Plaintiff is an Italian-American, and claims that he was frequently referred to as “Luigi”, a derogatory moniker inspired by the Super Mario Brothers video game. Complaint, at
 
 *687
 
 para. 16. Plaintiff alleges that his supervisor called him a “short, ugly, and stupid Italian” and a “dago guinea”. Complaint, at para. 16. Plaintiff asserts that this conduct amounted to discrimination based on national origin, and thus violated Title VII and MHRA.
 

 While employed by defendant, plaintiff was diagnosed with sarcoidosis, a disease of unknown origin characterized by “formation of nodules resembling true tubereules esp. in the lymph nodes, lungs, bones and skin.” Webster’s New Collegiate Dictionary (1977 ed.). Plaintiff claims that as a result of medicátion used to treat this condition, his weight plummeted rapidly. Complaint, at para. 19. Plaintiff alleges that his supervisor commented that plaintiff was suffering from AIDS.
 
 Id.
 
 Plaintiff asserts that he was “regarded” by his supervisor as suffering from a “disability” as defined by the MHRA.
 

 Plaintiff’s employment came to an end shortly after plaintiff put together and copyrighted a packet of materials which appear to have consisted solely of documents published by his employer. Plaintiff sent a copy to a senior official of defendant, along with a purported “confidentiality agreement” to protect plaintiffs interest in his “work product.” Complaint, at para. 25. The senior official responded to plaintiff’s submission by firing him, stating that plaintiff had created a conflict of interest by using the defendant’s materials. Complaint at para. 26. Plaintiff asserts that this was pretextual, retaliatory and discriminatory, in violation of Title VII, the MHRA, and Minn.Stat. § 181.932, Minnesota’s “Whistleblower” statute. Plaintiff also pleads a passel of employment-related tort claims.
 

 DISCUSSION
 

 I. Standard of Decision
 

 Defendant carries a heavy burden in seeking dismissal pursuant to Fed.R.Civ.P. 12(b)(6). The Court “follow[s], of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.”
 
 North Arkansas Medical Center v. Barrett,
 
 962 F.2d 780, 784 (8th Cir.1992) (quoting
 
 Scheuer v. Rhodes,
 
 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).
 

 II. Same-Sex Harassment
 

 Defendant’s principal contention is that same-sex sexual harassment is not actionable under Title VII. Defendant admits that the federal courts are “concededly divided” in resolving this question under the emerging principles of sexual harassment jurisprudence.
 
 Compare, e.g., Pritchett v. Sizeler Real Estate,
 
 1995 WL 241855 (E.D.La. April 25, 1995) (denying motion for judgment on the pleadings on same-sex harassment claim)
 
 with McWilliams v. Fairfax County Bd. of Supervisors,
 
 72 F.3d 1191 (4th Cir.1996) (affirming summary judgment for defendant based on non-cognizability of same-sex harassment under Title VII; reserving decision on harassment involving homosexual behavior). The trend, however, “is to permit such claims to proceed”.
 
 King v. M.R. Brown, Inc.,
 
 911 F.Supp. 161, 166-167 (E.D.Pa.1995). Moreover, at least one panel of the Minnesota Court of Appeals has reached the merits of a same-sex harassment claim under the MHRA, without suggesting that it was non-actionable.
 
 Johnson v. Ramsey County,
 
 424 N.W.2d 800, 808-809 (Minn. Ct.App.1988).
 

 The Eighth Circuit has recently joined this growing trend. In
 
 Quick v. Donaldson,
 
 90 F.3d 1372 (8th Cir.1996), a panel confirmed that Title II does confer a remedy against same-sex harassment. While
 
 Quick
 
 principally involved “bagging,” a euphemism for striking male employees in the groin area, there was also verbal harassing conduct directed at the male plaintiff by other male employees.
 
 See Quick,
 
 90 F.3d at 1375-77. The Eighth Circuit concluded that this behavior, if sufficiently pervasive and coupled with the employer’s failure to remedy it, would constitute actionable harassment.
 
 Id.
 
 at 1379-81. The panel accordingly reversed the district court’s grant of summary judgment to the employer.
 

 This Court also cannot determine whether Title VII or the MHRA provides a remedy here without the benefit of fully-developed factual record on which to base a
 
 *688
 
 decision in accordance with the factors outlined in
 
 Quick.
 
 Defendant’s motion to dismiss based on the asserted non-cognizability of same-sex harassment must be denied. Moreover, it is obviously premature to accept defendant’s contention that any harassment suffered by plaintiff was insufficiently “severe or pervasive” to be actionable.
 
 Burns v. McGregor Electronic Industries, Inc.,
 
 955 F.2d 559, 565 (8th Cir.1992). Plaintiff is not obligated to detail every instance of perceived harassment or mistreatment in his complaint. While plaintiff may or may not be able to substantiate his claims through discovery, he will have the opportunity to try.
 

 III. Defamation
 

 For the foregoing reasons, defendant’s motion must be denied with respect to all claims, with one exception. Under Minnesota law, a statement is defamatory if it (1) has been communicated to a third party; (2) is false; and (3) tends to harm the individual’s reputation and lowers him in the estimation of the community.
 
 Stuempges v. Parke, Davis & Co.,
 
 297 N.W.2d 252, 255 (Minn.1980). However, statements of opinion are not actionable.
 
 Geraci v. Eckankar,
 
 526 N.W.2d 391, 397 (Minn.Ct.App.1995);
 
 Lund v. Chicago & Northwestern Transportation Co.,
 
 467 N.W.2d 366, 368-369 (Minn. Ct.App.1991). Minnesota adheres to a four-factor test to distinguish protected statements of opinion from actionable defamation. The question is one of law, and the Court considers the statement’s: (1) specificity and precision; (2) verifiability; (3) literary and social context; and (4) public context.
 
 Geraci,
 
 526 N.W.2d at 397.
 

 The statements identified by plaintiff are statements of opinion. Whether plaintiff in fact resembles “Luigi”, whether he is “short and stupid”, or whether he is a “dago guinea” are matters not susceptible of empirical determination. They are not capable of being proven true or false. Moreover, his supervisor’s alleged description of plaintiff as a “cocksucker” with a “two-inch dick”, “although uncomplimentary ... does not suggest verifiably false facts about” plaintiff.
 
 Lund,
 
 467 N.W.2d at 369 (affirming summary dismissal of claim that plaintiff was called “shit head[]”, and a “brown nose”);
 
 see also Geraci,
 
 526 N.W.2d at 397-398 (dismissing claim based on statements that plaintiff “had poisoned the board”, was “emotional” and “not a team player”);
 
 Lee v. Metropolitan Airport Comm’n.,
 
 428 N.W.2d 815, 821 (Minn.Ct.App.1988) (same result where plaintiff referred to as “fluffy”, and a “bitch”). The context in which these statements are alleged to have been made — the workplace taunts of an infantile supervisor— dispels any suggestion that they could be literally interpreted as provably false assertions of fact. Plaintiffs defamation claim must be dismissed.
 

 ORDER
 

 For the reasons herein stated, and based on all the records, files and proceedings,
 

 IT IS HEREBY ORDERED:
 

 1. Defendant’s motion to dismiss is GRANTED with respect to Count XVI of plaintiffs complaint (defamation);
 

 2. In all other respects, defendant’s motion is DENIED.
 

 [1]
 

 . Defendant initially filed a “Notice of Motion for Judgment on the Pleadings" separately from its "Memorandum in Support of Motion to Dismiss, or, in the Alternative, for Summary Judgment”. Because defendant has not yet filed an answer to the complaint, it is clear that its motion may not be treated as one for a judgment on the pleadings.
 
 See
 
 Fed.R.Civ.P. 12(c) (motion may be made
 
 "after the pleadings are closed”
 
 (emphasis added));
 
 Gray v. Rankin,
 
 721 F.Supp. 115, 116 n. 1 (S.D.Miss.1989). However, the effect of this oversight is purely terminological here; the standard of decision employed on such a motion is the same as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6).
 
 St. Paul Ramsey Cty. Medical Center v. Pennington Cty.,
 
 857 F.2d 1185, 1187 (8th Cir.1988).