593 F.Supp. 1339 (1984)
PEERLESS INDUSTRIES, INC., d/b/a Peerless Hotel, Restaurant, Tavern Supplies, Plaintiff,
v.
HERRIN ILLINOIS CAFE, INC., Defendant.
No. 84-906C (A).
United States District Court, E.D. Missouri, E.D.
October 4, 1984.
*1340 Norman Pressman, St. Louis, Mo., for plaintiff.

MEMORANDUM AND ORDER
HARPER, District Judge.
This case was filed by the plaintiff, a Missouri corporation, with its principal place of business in Missouri, against the defendant, Herrin Illinois Cafe, Inc., a corporation existing under the laws of the State of Illinois, with its principal place of business in Illinois.
Plaintiff sought to recover the amount of $11,828.01, which it alleges the defendant owed it for goods sold and delivered by the plaintiff between September of 1983 and March of 1984.
The case was set for a default hearing upon the motion of the plaintiff, since no answer was filed. On the date of the hearing, the plaintiff introduced the testimony of Gary S. Leabman, the president of the plaintiff corporation, and a computer printout of the account purported to be owed by the defendant was produced (Exhibit 1).
No evidence was offered with respect to the status of the defendant as an Illinois corporation that was in existence at the time the suit was filed.
The matter of proof with respect to the defendant being an Illinois corporation was called to the attention of plaintiff's attorney, and he stated that Rule 8(d) took care of this matter. In all the default cases tried in this Court where corporations were involved, proof has been made of the incorporation. In this case, a fact that is germane to jurisdiction in the case is the status of the defendant, as jurisdiction is based on diversity of citizenship, and more than ten thousand dollars involved. Jurisdiction is the first question for the Court to address.
In Bross Utilities Service Corp. v. Aboubshait, 489 F.Supp. 1366 (D.Conn. 1980), affirmed without a published opinion, 646 F.2d 559 (2nd Cir.1981), the trial court raised questions concerning its personal jurisdiction over the defendant at a hearing to determine damages upon default, despite allegations of proper service. Finding the facts insufficient for proper service in Connecticut, the court set aside its original order for default and dismissed plaintiff's action. The Second Circuit Court of Appeals affirmed this action by the district court without opinion.
*1341 In sum, Rule 55(b)(2) allows the court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the court can choose not to enter default judgment.
It is not uncommon, particularly with respect to corporations that are in default, that their charter is in default, and that suits have to be brought against the parties when the state involved sets out who should be sued. In this case, the Court will not enter judgment against a foreign corporation not licensed to do business in the State of Missouri without proof that it is a valid corporation at the time of the bringing of the suit.
Further, in this case the testimony disclosed that in August of 1983, a Ted Cerniglia came to the defendant's place of business and discussed the question of a layout and fixtures with respect to a cafe. He returned a couple of weeks later to go over the layouts, and over a period of time certain goods were shipped by the plaintiff to the Herrin Illinois Cafe. There was no proof as to what official connection, if any, Cerniglia had with the Herrin Illinois Cafe at the time in question.
The question of doing business in a state to the extent necessary to permit the party being sued in the state has been before the courts many times. The facts in this case, to the Court, are comparable to the facts in the case of Rosenberg Bros. and Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372, which in effect held that purchases of goods by a foreign corporation for sale at its domicile and visits by its officers on business related to such purchases, are not enough to warrant the inference that it is present within the jurisdiction of the state where such purchases and visits are made, and does not give jurisdiction in cases such as those before the Court.
The Supreme Court in the recent case of Helicopteros Nacionales de Colombia, S.A. v. Elizabeth Hall, et al., ___ U.S. ___, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), held that the Rosenberg case was still the law of the land, although there were vigorous dissents to the contrary.
In view of the Rosenberg case, the Court further believes that even if the proper proof had been made with respect to the defendant being a viable Illinois corporation at the time of the filing of the complaint, it would still be without jurisdiction.
Accordingly, in view of the reasons set out above, the Court sets aside the hearing of the default judgment, and the case is dismissed for lack of jurisdiction, without prejudice.