**In re William D. McCRELESS, Debtor.**

**Bankruptcy No. 91–05198.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

April 24, 1992.

Michael Johns, Atmore, Ala., for Bank.

Ron Miller, Milton, Fla., for debtor.

Thomas G. Reed, Pensacola, Fla., Trustee.

## ORDER ON DEBTOR'S PETITION TO SET ASIDE REAFFIRMATION AGREEMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter is before the Court on the Debtor's Petition to Set Aside Reaffirmation Agreement. This case is an illustrative example of why debtors should be wary of entering reaffirmation agreements with creditors. On October 25, 1991, the debtor filed his petition for protection under Chapter 7 of Title 11, United States Code. Two weeks later, on November 8, 1991, he executed a reaffirmation agreement with the First National Bank of Atmore ("Bank") for a debt secured by a Tractor/Lawn Mower ("Tractor").

Shortly after the first meeting of creditors, the Chapter 7 Trustee, Thomas G. Reed, requested that the debtor provide proof that the Bank had a perfected security interest in the tractor. It became appar-

---

ent that the Bank did not perfect its security interest. Consequently, the Trustee requested that the debtor surrender the tractor, which he did, so that it could be sold at an auction. This chain of events left the debtor with an agreement to pay the Bank for a debt incurred to purchase a tractor that he no longer owned. The debtor now asks that this Court set aside the reaffirmation agreement because it imposes an undue hardship on him.

Bankruptcy Code § 524(c) provides that—

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to the extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with. . . .

11 U.S.C. § 524(c). As previously mentioned, the debtor entered into the agreement on November 8, 1991. The agreement, filed with the court on November 13, 1991, complied with § 524 and was accompanied by a declaration from the debtor's attorney, pursuant to § 524(c)(3), that the debtor was fully informed, the agreement was entered into voluntarily, and it does not impose an undue hardship on the debtor. On February 12, 1992, the debtor's discharge was entered. At the debtor's discharge hearing, on March 19, 1992, in which the debtor was present, the Court informed the debtor of the effects of the reaffirmation agreement.

■ The Code provides the debtor the opportunity to rescind the reaffirmation agreement either prior to discharge or within sixty days after the agreement is filed with the court, whichever is later. The debtor has at least sixty days to ponder his decision to reaffirm a debt. If, within that time, he does not choose to rescind the agreement, it becomes enforceable to the same extent that it would have been enforceable had the bankruptcy never been filed.

■ Nowhere does the Code give the Court the authority to set aside a reaffirmation agreement after the time for rescission has passed. Even at the hearing held pursuant to § 524(d), the court had no authority to disapprove the agreement. *See, In re Dabbs*, 128 B.R. 307 (Bankr. N.D.Fla.1991). The debtor, having improvidently entered into the agreement, is now bound by it. Accordingly, it is

ORDERED AND ADJUDGED that the Debtor's Petition to Set Aside Reaffirmation Agreement be, and hereby is, DENIED.

DONE AND ORDERED.