**In re Richard Lee SAUNDERS, Dolores Cecil Saunders, Debtors.**

**Bankruptcy No. 93–50549–ABF.**

United States Bankruptcy Court, W.D. Missouri.

June 2, 1994.

James H. Thompson, Jr., Thompson & Danaher, North Kansas City, MO, for debtors.

Leslie K. Rosenfeld, Kansas City, MO, for Members America Credit Union.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtors filed a Motion to Reopen their Chapter 7 case for the purpose of rescinding a Reaffirmation Agreement with Members America Credit Union ("Members"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I deny debtors' Motion to Reopen.

Debtors claim they entered into a Reaffirmation Agreement with Members because of a misrepresentation by Members. When debtors filed this Chapter 7 case on November 4, 1993, they had two separate obligations to Members. The first obligation for $2,000.00 results from charges made under a VISA Credit Card Agreement entered on May 25, 1990. Said debt was in default at the time of the bankruptcy filing. The second debt for $14,323.37 results from Loanliner Advance Request Vouchers and Security Agreements signed on December 11, 1992, secured by two vehicles. That obligation was current at the time of the bankruptcy.

Debtors filed a Reaffirmation Agreement and Declaration by Debtors' Attorney with this Court on January 12, 1994. 11 U.S.C. § 524(c)(4). That agreement was signed by both the debtors and Members. Prior to entering into such agreement, the debtors held a discussion with a representative of Members. Debtors testified that the representative agreed that the debtors would be allowed to pay $50.00 per month toward the VISA obligation for six months, at which time the debtors would resume the contract payments based upon the then outstanding balance. This Members' representative further agreed that debtors could retain their VISA card and continue to make contract payments on the debt secured by debtors' two vehicles. Debtors testified that it was based upon this understanding that they signed the Reaffirmation Agreement. The Reaffirmation Agreement was signed by a Member's representative other than the one with whom the debtors had spoken. The

agreement as signed contains nothing about special payment terms for six months.

The debtors' discharge was entered on February 2, 1994. On February 9, 1994, Members cancelled the credit card and demanded payment in full of the balance due, claiming debtors missed payments under the Reaffirmation Agreement.

Debtors submitted an Application to Reopen Bankruptcy Estate on March 21, 1994, asking this Court to allow them to rescind the portion of the Reaffirmation Agreement which reaffirms the VISA obligation, but not rescind the portion of the Reaffirmation Agreement relating to the two vehicles. There are two issues in this case. The first issue concerns the obligation debtors reaffirmed and requires this Court to construe the Reaffirmation Agreement debtors signed. The second issue is whether debtors can reopen their bankruptcy case for the purpose of rescinding the Reaffirmation Agreement as construed.

Members does not deny its representative made an oral agreement with debtors allowing debtors to pay Members $50.00 a month for six months on the VISA obligation. However, the written Reaffirmation Agreement states in relevant part:

2. Debtors hereby, jointly and severally, reaffirm and agree to pay and be legally liable for the following debt, notwithstanding the petition in bankruptcy ...

(a) Creditor's Account No. 92133.

(b) Description of Debt: Loanliner Advance Request Vouchers and Security Agreements, dated December 11, 1992 (2) and VISA Credit Card Agreement dated May 25, 1990 executed by Debtors. *The terms of these documents shall remain in full force and effect, except as modified herein* (emphasis added).

(c) Amount of Debt Reaffirmed: $16,-323.37.

(d) Collateral for Debt: 1991 Chevrolet Lumina, VIN IGNCU06D1MT140680; 1987 Chevrolet Celebrity, VIN 1G1AW51R1H6146020; Credit Union shares.

. . . . .

5. The Debtors have reviewed this Reaffirmation Agreement and have discussed the same with their attorney. The Debtors state that they are signing this Reaffirmation Agreement voluntarily and after being fully informed of its provisions. The Debtors acknowledge that this Reaffirmation Agreement does not impose an undue hardship on either of them or any dependent.

In addition to the Reaffirmation Agreement, the debtors' attorney also filed with this Court the following Declaration:

The undersigned declares that he is the attorney representing the Debtors in this bankruptcy proceeding and during the course of negotiating this Reaffirmation Agreement, and such Agreement represents a fully informed and voluntary Agreement by the Debtors; and it does not impose an undue hardship on the Debtors or a dependent of the Debtors.

The Declaration was signed and dated December 12, 1993.

■■■■ The Reaffirmation Agreement is a contract between debtors and Members. In construing this contract, I must first look to the plain language of the Reaffirmation Agreement. *Grundy Nat'l Bank v. Frank (In re Frank)*, 103 B.R. 771, 773 (W.D.Va. 1989). If the debtors intended to strike a deal requiring them to pay $50.00 a month for the first six months on the $2000.00 VISA obligation, as suggested in their Motion to Reopen, they had an opportunity to memorialize said deal in the written Reaffirmation Agreement. However, the agreement states that the terms of the underlying "documents" shall remain in full force and effect. The Parol Evidence Rule bars any evidence of a prior or contemporaneous oral agreement to vary, contradict, add to, or explain the terms of a written agreement. *Id.* Only if the written document is not a completely integrated agreement can the Court consider extrinsic evidence. *Carlson v. Tandy Computer Leasing*, 803 F.2d 391, 395 (8th Cir. 1986); *Calder v. Camp Grove State Bank*, 892 F.2d 629, 632 (7th Cir.1990); *Azar v. Simasko Production Co. (In re Simasko Production Co.)*, 74 B.R. 947, 949 (D.Colo.1987). A fully integrated document is a complete

expression of the agreement of the parties. *Calder* at 632. I find that the Reaffirmation Agreement is a completely integrated agreement which prohibits me from considering extrinsic parol evidence of payment terms which contradict the written document. Further, the Reaffirmation Agreement treats the two obligations as one debt and assigns it one account number. It is unambiguous that debtors reaffirmed a debt in the amount of $16,323.376. That debt included an obligation secured by the two vehicles and the VISA obligation. This Court has no authority to rewrite a contract voluntarily entered into by the parties, with the advice of an attorney, and filed with this Court as required by the Bankruptcy Code. *See* 11 U.S.C. § 524(c)(4). Therefore, I find that the Reaffirmation Agreement is a valid statement of the intention of the parties at the time it was filed with this Court. It requires the debtors to pay Members according to the terms of their contracts with Members.

As to the second issue, Debtors received a discharge from this Court on February 2, 1994, effectively closing the case. A case "may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Debtors argue that their case should be reopened for the specific purpose of allowing them to rescind the Reaffirmation Agreement as to the VISA obligation. I have already found the Reaffirmation Agreement is an integrated agreement which encompasses both the VISA obligation and the obligation secured by the two vehicles. Thus, the issue becomes whether reopening a case for the purpose of rescinding the entire Reaffirmation Agreement constitutes cause under section 350(b).

 Section 524(c)(4) of the Bankruptcy Code controls the reaffirmation process and provides in relevant part:

(c) An agreement between a holder of a claim and debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankrupt-

cy law, whether or not discharge of such debt is waived, only if—

. . . . .

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

11 U.S.C. § 524(c)(4). By the terms of section 524(c)(4), debtors could have rescinded the agreement within sixty days of filing the agreement with the Court simply by giving notice of such rescission to the Court. In other words, until March 14, 1994, debtors could have rescinded the Reaffirmation Agreement by giving notice to Members of their intention to do so notwithstanding the entry of the discharge on February 2, 1994. After sixty days, however, debtors are bound by the agreement. *In re Grabinski*, 150 B.R. 427, 431 (Bankr.N.D.Ill.1993). A reaffirmation agreement legally binds debtors to pay pre-petition debts that would otherwise be dischargeable. *Id.* at 430. For that reason, the Bankruptcy Code builds in certain protections for debtors. First, the reaffirmation agreement must contain a clear and conspicuous statement advising debtors of their rights to rescind. 11 U.S.C. § 524(c)(2). Second, it requires the signed declaration of an attorney that such reaffirmation agreement is a fully informed and voluntary agreement which will not impose an undue hardship on debtors. 11 U.S.C. § 524(c)(3). Third, it provides them with the unconditional right to rescind within a certain period of time upon notice to the creditor. 11 U.S.C. § 524(c)(4). However, reopening a case to grant a discharge on a debt which debtors reaffirmed and failed to rescind in a timely manner would be unfair to creditors who are entitled to rely on the reaffirmation agreement. *Id.* at 431. Further, debtors can only rescind a valid reaffirmation agreement pursuant to section 524. *In re Hitt*, 137 B.R. 401, 404 (Bankr.D.Mont. 1992); *In re Davis*, 106 B.R. 701, 703 (Bankr. S.D.Ala.1989). The Court is powerless to provide a remedy after the time lapses. *Davis* at 704. Therefore, debtors Motion to Reopen their Chapter 7 bankruptcy case for

196

the purpose of rescinding the Reaffirmation Agreement with Members will be denied.

An Order in accordance with this Memorandum Opinion will be entered this date.