**In re Edward D. RIPPLE, d/b/a Simple Sign Man, Simple Supply Man, Ripple & Associates, Debtor.**

**Edward D. Ripple, d/b/a Simple Sign Man, Simple Supply Man, Ripple & Associates, Plaintiff,**

**v.**

**Boston Whaler Financial Services, Inc., Defendant.**

**Bankruptcy No. 97–06723–BKC–3F7. Adversary No. 99–202.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 23, 1999.

Barry N. Brumer, New Smyrna Beach, FL, for plaintiff.

Gordon P. Jones, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court upon a Motion for Judgment by Default

filed by Edward D. Ripple, d/b/a Simple Sign Man; Simple Supply Man; Ripple & Associates, ("Plaintiff") on September 10, 1999. (Doc. 7.) On July 9, 1999, Plaintiff filed a Complaint seeking to discharge a reaffirmed debt owed to Boston Whaler Financial Services, Inc. ("Defendant"). Defendant has not filed any responsive pleadings in this adversary proceeding and a default has been entered.[1]

## FINDINGS OF FACT

Plaintiff filed a petition for relief under chapter 7 of the Bankruptcy Code on September 4, 1997. Plaintiff listed Defendant as holding a claim in the amount of $46,-960.00 partially secured by a 25' Mako Boat valued at $35,000.00.

Plaintiff and Defendant entered a Reaffirmation Agreement ("Agreement") that provided that Plaintiff reaffirmed, promised, and agreed to pay Defendant the sum of $49,007.10 in monthly payments of $580.85 beginning in December of 1997 and due on the 25th day of each month thereafter. Also included in this Agreement, were an acceleration clause and the resurrection of the initial terms and conditions of the promissory note and security agreement between Plaintiff and Defendant. The Agreement clearly provided that it was not required by law and that the Agreement could be rescinded by any time prior to discharge or within sixty (60) days, whichever came later, of the filing of the Agreement. At the end of the Agreement, Plaintiff's attorney, Barry N. Brumer, signed a Declaration of Attorney for Debtor providing that:

The undersigned [Barry N. Brumer] hereby declares, under penalty of perjury, that I am the attorney who represented the Debtors during the course of negotiating this Agreement and that this Agreement represents a fully informed and voluntary agreement by the Debtors and that I have advised the Debtors of the legal consequences of this agreement under the Bankruptcy Code and any default under this agreement.

The Reaffirmation Agreement with attachments was filed with the Court on October 20, 1997. (Case Doc. 12.)

On December 17, 1997 the Court entered a Discharge of Debtor that released Plaintiff of all dischargeable debts. On June 4, 1999 Plaintiff filed a Motion to Reopen Case so that the debt owed to Defendant "may be discharged as the payment of this debt would present undue hardship upon the debtor and defeat the purpose of his Chapter 7 filing." (Case Doc. 34.) The Court entered an Order on Motion to Reopen Case on June 10, 1999 allowing Plaintiff thirty (30) days to file an adversary proceeding to determine the dischargeability of the debt to Defendant.

On July 9, 1999, Plaintiff filed a Complaint requesting that the pre-petition debt to Defendant be discharged. Plaintiff supports his pleadings by claiming that he entered the reaffirmation agreement "in anticipation of obtaining new promised employment at a substantially sufficient pay rate." (Doc. 1.) Plaintiff contends that due to unfortunate circumstances this employment never materialized and Plaintiff was unable to make the reaffirmed payments. Plaintiff states that he was unemployed for four months after entering the Agreement but that he eventually obtained employment at a rate of $600.00 per week. Plaintiff claims that he surrendered the boat to Defendant in October 1998.

Defendant has not responded to Plaintiff's Complaint. Accordingly, Plaintiff filed a Motion for Entry of Default and a

---

1. The Court notes that service of the Complaint and subsequent pleadings may be deficient. This suspected deficiency is based on the fact that Plaintiff served the Complaint on Arlene Bent, President, Boston Whaler Financial, 4150 Technology Way, Carson City, NV 89706. However, in the main bankruptcy case Arlene Bent is denoted as a Bankruptcy Specialist for Boston Whaler Financial, and not as President. (See Case Doc. 12.) The Court finds any such deficiency to be moot based on these Findings of Fact and Conclusions of Law that support the dismissal of this adversary proceeding.

Motion for Judgment by Default on September 10, 1999. The bankruptcy court clerk entered a Default on September 13, 1999. (Doc. 8.) Plaintiff's attorney, Barry N. Brumer, swore out an Affidavit in Support of the Allegations Set Forth in the Complaint. This Affidavit is nothing more than an exact replica of the Complaint in the form of an affidavit sworn to by Plaintiff's attorney.

Plaintiff's only claimed legal basis for relief is that payment of this debt would present undue hardship to him and would defeat the purposes of the Bankruptcy Code. For the reasons provided below, the Court finds such basis insufficient to discharge the reaffirmed debt to Defendant.

### CONCLUSIONS OF LAW

■ Federal Rule of Civil Procedure 55, made applicable to bankruptcy proceedings by Rule 7055, allows this Court to enter a judgment by default upon application to the court.[2] Fed.R.Civ.P. 55 (West 1999). However, while a defendant's ignorance in failing to participate in an adversary proceeding is repugnant to the American system of justice, the Court must not blindly enter a judgment for the party in whose favor a default has been entered. *See Anderson v. Air West Inc. (In re Consol. Pretrial Proc. in Air West Sec. Litig.),* 436 F.Supp. 1281, 1286 (N.D.Cal. 1977). A "default establishes the well-pleaded allegations of a complaint unless they are incapable of proof or are contrary

to facts judicially noticed or to uncontroverted material in the file." *Id.* (citing *Thomson v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885); *Harshman v. Knox County,* 122 U.S. 306, 7 S.Ct. 1171, 30 L.Ed. 1152 (1887)).

■ This Court has discretion in entering judgments by default and such entry may be denied when the facts are insufficient to support the pleaded cause of action. *Mercantile Bank v. Canovas,* 237 B.R. 423, 427 (Bankr.N.D.Ill.1998) (citing *Peerless Industries, Inc. v. Herrin Illinois Cafe, Inc.,* 593 F.Supp. 1339 (E.D.Mo. 1984), *aff'd,* 774 F.2d 1172 (8th Cir.1985)). Defaults entered by the bankruptcy court clerk do not automatically entitle a plaintiff to entry of a judgment by default, despite the fact that an entry of default may be deemed as an admission to well plead allegations. *See Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1371 (11th Cir.1997) (default judgment cannot stand on a complaint that fails to state a claim); *United States v. Borchardt,* 470 F.2d 257, 260 (7th Cir.1972) (although default may serve as basis for default judgment, entry does not of itself determine rights); *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1205 (5th Cir.1975); *Wells Fargo Bank v. Beltran (In re Beltran),* 182 B.R. 820, 823 (9th Cir. BAP 1995).

■ Section 524(c) of the Bankruptcy Code sets forth the requirements for an enforceable reaffirmation agreement.[3]

---

**2.** Fed.R.Civ.P. 55 provides, in pertinent part, as follows:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if

the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor....
Fed.R.Civ.P. 55.

**3.** Section 524(c) provides:

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

These requirements are necessary to prevent debtors from being coerced into signing reaffirmation agreements, to enable debtors to be fully aware of the consequences of entering reaffirmation agreements, and to protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable debts. *In re Ellis,* 103 B.R. 977, 980–81 (Bankr.N.D.Ill.1989); *Republic Bank v. Getzoff (In re Getzoff),* 180 B.R. 572 (9th Cir. BAP 1995). Once the requirements of Section 524 have been satisfied, the reaffirmation agreement will be legally binding. *In re Saunders,* 169 B.R. 192, 195 (Bankr.W.D.Mo.1994) ("[R]eopening a case to grant a discharge on a debt which debtors reaffirmed and failed to rescind in a timely manner would be unfair to creditors who are entitled to rely on the reaffirmation agreement.").

■ One of the requirements of section 524(c) gives a debtor the opportunity to rescind the reaffirmation agreement either prior to discharge or within sixty days after the agreement is filed with the court, whichever is later. If a debtor does not rescind the reaffirmation agreement within that time, the agreement becomes enforceable to the same extent that it would have been enforceable if the debtor had never filed for bankruptcy protection. *In re McCreless,* 141 B.R. 223, 224 (Bankr. N.D.Fla.1992). Another of these requirements is that a debtor be advised of the legal effect and consequences of the reaffirmation agreement and any default under the agreement. Plaintiff's attorney provided in his Declaration that he advised Plaintiff of the ramifications of entering into the Agreement.

■ At the time the Agreement was filed with this Court, it satisfied all of the requirements of Section 524(c). Plaintiff does not attack the validity of the Agreement. Rather, Plaintiff surrendered the boat to Defendant approximately one year after entering the Agreement, and now, almost two years later, Plaintiff seeks to discharge the debt owed to Defendant because payment of such debt would constitute an undue hardship on Plaintiff. The Court emphasizes that the Agreement

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2)(A) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim; and

(B) such agreement contains a clear and conspicuous statement which advises the debtor that such agreement is not required under this title, under nonbankruptcy law, or under any agreement not in accordance with the provisions of this subsection;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—

(A) such agreement represents a fully informed and voluntary agreement by the debtor;

(B) such agreement does not impose an undue hardship on the debtor or a dependent of the debtor; and

(C) the attorney fully advised the debtor of the legal effect and consequences of—

(i) an agreement of the kind specified in this subsection; and

(ii) any default under such an agreement;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

11 U.S.C. § 524(c) (West 1999).

signed by Plaintiff and Plaintiff's attorney specifically provided that the Agreement did not impose an undue hardship. The Bankruptcy Code does not provide this Court authority to set aside a reaffirmation agreement after the time has passed. *McCreless,* 141 B.R. at 224 (binding debtor to improvidently entered agreement).

■ The Court notes that in certain circumstances equitable powers under Section 105 of the Bankruptcy Code may be used to correct mistakes and fashion appropriate remedies. *See In re Hitt,* 137 B.R. 401, 405 (Bankr.D.Mont.1992) (using equitable powers to rescind reaffirmation agreement after rescission period had run and discharged debt primarily based on fact that lien on reaffirmed collateral was avoided by chapter 7 trustee). However, Plaintiff presents no evidence of circumstances upon which this Court will exercise its equitable powers.

### *CONCLUSION*

Plaintiff fails to cite to any legal authority in support of his position that this debt should be discharged. In fact, upon review of the applicable law, the Court finds that there is simply no legal basis for which the relief requested should be granted. The affidavit filed with a motion for judgment by default must support allegations set forth in the complaint. The affidavit submitted in this case, signed by Plaintiff's attorney rather than by Plaintiff, fails to support any of the allegations made in the Complaint. Other than this affidavit, Plaintiff presents no proof or authority upon which the Court may discharge the debt owed to Defendant. For these reasons, the Court finds that the facts do not support a judgment in Plaintiff's favor. A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.