**In re Ruth CURCIO, Debtor.**

**Bankruptcy No. 98–35314–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 30, 1999.

Ruth Curcio, Boynton Beach, FL, pro se.

Robert C. Furr, Boca Raton, FL, trustee.

### ORDER DENYING MOTION TO REOPEN CASE

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS MATTER came before the Court for consideration of the Debtor's Motion to Reopen Case. The Debtor seeks to reopen her case to add Ford Motor Credit Company ("Ford") as an "additional creditor" and file an adversary proceeding to determine dischargeability of the debt owing to Ford. The subject debt was listed as owing to Ford in the Debtor's original schedules, filed on October 6, 1998. The Debtor filed a *pro se* reaffirmation agreement on December 11, 1998. After notice and hearing, and subsequent to the Debtor's discharge on January 28, 1999, the Court approved the reaffirmation agreement in an order entered February 25, 1999. The Debtor now seeks to rescind the reaffirmation agreement ten months after entry of discharge and nearly a year after the reaffirmation agreement was filed. 11 U.S.C. § 524(c)(4) provides that a reaffirmation agreement is unenforceable if the debtor rescinds such agreement "at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later ..." However, if the Debtor chooses not to rescind the reaffirmation agreement within the time granted by the Bankruptcy Code, the agreement becomes enforceable to the same extent as if the Debtor had never filed bankruptcy. *See In re McCreless*, 141 B.R. 223, 224 (Bankr.N.D.Fla.1992). The Code provides for protection of *pro se* debtors through the Section 524(c)(4) rescission period and through the Section 524(c)(6) requirement that the court hold a hearing prior to approval to determine that the reaffirmation agreement does not impose undue hardship and is in the best interest of the debtor. The instant Court held a Section 524(c)(6) hearing nine months ago before approving the subject agreement. At the hearing, the Debtor assured the Court that the agreement would not impose undue hardship and was in her best interest. Although the Debtor now alleges that her financial circumstances have changed, the Court lacks the authority set aside the reaffirmation agreement after the statutory time for re-

scission has passed. *See id.* Accordingly, it is

ORDERED that the Debtor's Motion to Reopen Case is denied.