**Courtney Selene JEFFERSON, Debtor.**

**Jeffrey L. Hill, Trustee, Plaintiff,**

**v.**

**Courtney Selene Jefferson, Defendant.**

**Bankruptcy No. 04–11556 ABC.**
**Adversary No. 04–1929 ABC.**

United States Bankruptcy Court,
D. Colorado.

Feb. 16, 2005.

Troy T. Seibel, Fuller & Seibel, P.C., Denver, CO, for Debtor.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND HOLDING MATTER IN ABEYANCE

A. BRUCE CAMPBELL, Bankruptcy Judge.

■ This matter is before the Court on Plaintiff's Motion for Entry of Default and Default Judgment filed on December 10, 2004. The determination of whether to enter judgment by default is left to the discretion of the Court. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Rule 55(b)(2)[1] allows the Court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the Court can choose not to enter default judgment. *Peerless Industries, Inc. v. Herrin Illinois Cafe, Inc.*, 593 F.Supp. 1339, 1341 (D.C.Mo.1984), *aff'd without opinion* 774 F.2d 1172 (8th Cir.1985). A motion for default judgment must be supported with sworn verification of the underlying factual elements of each claim upon which the movant seeks judgment.

Plaintiff fails to do this. The sole verification offered by the Plaintiff is the Affidavit of Jeffrey L. Hill, Trustee. The Affidavit and the Motion for Entry of Default and Default Judgment do not contain verification of all of the underlying factual elements of a claim for relief under 11 U.S.C. § 727(d)(3). The problematic element is the requirement of 11 U.S.C. § 727(a)(6)(A) that the debtor has *"refused...to obey any lawful order of the court..."*

■ In some stipulations with regard to payment to the trustee of tax refunds or delivery of tax returns or other property, the parties simply so stipulate and request, and are granted, an order approving the stipulation. This is such a case. In other stipulations on such subject matter, the debtor stipulates that an order may enter approving the stipulation *and* directing the debtor to perform the stipulation or turn over the subject property. The order on such a stipulation not only approves the stipulation, but (if tendered in proper form), also orders the debtor *to do something.*

The former form of stipulation and order, when defaulted on by the debtor, is not, without the extra step of obtaining a turnover order based on the approved stipulation, the basis for revocation of a discharge under §§ 727(d)(3) and 727(a)(6)(A). Absent the turnover order, there is no "[refusal] to obey any lawful order of the court..."[2] With the latter

---

1. Rule 55(b)(2) provides, in pertinent part:

   "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to ... establish the truth of any averment by evidence or to make an investigation of any other matter, the court may ... order such references as it deems necessary and proper[.]"

2. When the stakes are as high as denial or revocation of a discharge, attempts to use a short cut in the form of language in a proposed order approving a stipulation such as "this stipulation shall be an order of the court," will not get the job done. Such ambiguous, unclear language is not the equivalent of an order of the court directing à debtor to do something, the disregard of which is

form of stipulation, the debtor and trustee have agreed to entry of an order both approving the stipulation *and* directing the debtor to do something: to perform the stipulation. If the court enters such an order, and the debtor fails to do as he or she has stipulated, there may well be grounds for denial or revocation of discharge, without the trustee first obtaining a turnover order which is in turn not obeyed. Therefore, it is

ORDERED that the Motion for Default Judgment is DENIED;

FURTHER ORDERED that this matter shall be held in abeyance for **60 days**, to allow Plaintiff to obtain an Order from the Court directing the turnover of the tax returns at issue, and to file a Renewed Motion for Default Judgment, failing which, the case shall be dismissed without further notice or hearing.

grounds to deny or revoke his or her discharge.