**In re Leroy John PUGH, Debtor.**

**U.S. Bank National Association, Plaintiff,**

v.

**Leroy John Pugh, Defendant.**

**Bankruptcy No. 05–44099 ABC.**
**Adversary No. 06–1171 ABC.**

United States Bankruptcy Court, D. Colorado.

Nov. 15, 2006.

Richard B. Rose, Denver, for Plaintiff.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING COMPLAINT

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter is before the Court on Plaintiff's Motion for Default Judgment ("Motion") and the Supplemental Affidavit submitted by Plaintiff in support of its Motion. The determination of whether to enter judgment by default is left to the

discretion of the Court. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

Rule 55(b)(2)[1] allows the Court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the Court can choose not to enter default judgment. *Peerless Industries, Inc. v. Herrin Illinois Cafe, Inc.*, 593 F.Supp. 1339, 1341 (D.C.Mo.1984), *aff'd without opinion* 774 F.2d 1172 (8th Cir.1985). A motion for default judgment must be supported with sworn verification of the underlying factual elements of each claim upon which the movant seeks judgment. In the Order to Show Cause issued by the Court on September 28, 2006, the Court stated that it could not grant Plaintiff's Motion because Plaintiff had failed to verify any of the factual elements of its claim for non-dischargeability for actual fraud under 11 U.S.C. § 523(a)(2)(A) and because it had failed to verify all of the elements entitling it to a presumption of fraud under 11 U.S.C. § 523(a)(2)(C).

In response to the Order to Show Cause, Plaintiff filed its Supplemental Affidavit which purports to address only the elements of the § 523(a)(2)(C) claim.[2] The Supplemental Affidavit reflects that the Debtor obtained two "cash advances" from Plaintiff within the sixty day period prior to the filing of his Chapter 7 petition. The Supplemental Affidavit also reflects that the entire amount of each advance was paid *to the Plaintiff* to pay off two separate loans which the Debtor had previously obtained from Plaintiff. The first advance, in the amount of $6,484.62, was used by the Debtor to pay off the entire balance of his Reserve Line of Credit with Plaintiff. The second advance, in the amount of $3,962.45, was used by the Debtor to pay off his EquiLine Line of Credit with Plaintiff.

In order to be entitled to the presumption of non-dischargeability under § 523(a)(2)(C), Plaintiff must show that the Debtor obtained cash advances aggregating more than $1,225 that were extensions of consumer credit under an open end credit plan, within 60 days before his bankruptcy case was filed.[3] The presumption of non-dischargeability which results from proof of these elements is an expression of Congress' intent to discourage debtors from "loading up" by going "on a credit buying spree in contemplation of bankruptcy." S.Rep. No. 65, 98th Cong., 1st Sess. 58 (1985). The presumption has been narrowly construed in favor of a fresh start for debtors. *Chase Manhattan Bank v. Poor (In re Poor)*, 219 B.R. 332, 336 (Bankr.D.Maine 1998). It has been held to be inapplicable to extensions of credit which are used to pay off previous debts. Such a transaction is more properly viewed as a "balance transfer" or a "refinancing," despite the fact that it may have been denominated a "cash advance"

---

1. Rule 55(b)(2) provides, in pertinent part:
   "if, in order to enable the court to enter judgment or to carry it into effect, it is necessary to … establish the truth of any averment by evidence or to make an investigation of any other matter, the court may … order such references as it deems necessary and proper[.]"

2. Plaintiff has never submitted verification of any of the factual elements underlying its claim for actual fraud under 11 U.S.C. § 523(a)(2)(A), despite having moved for a default judgment on two occasions and having filed three affidavits purporting to verify the elements of the claims upon which it seeks default judgment.

3. This case was filed on October 12, 2005, prior to the effective date of the BAPCPA amendments to the Bankruptcy Code, and is governed by the version of § 523(a)(2)(C) that was then in effect.

by the creditor. *See, In re Poor,* 219 B.R. at 337; *In re Smith,* 54 B.R. 299, 310–302 (Bankr.S.D.Iowa 1985); *In re Cameron,* 219 B.R. 531, 536 (Bankr.W.D.Mo.1998); *In re Ashland,* 307 B.R. 317 (Bankr. D.Mass.2004).

 In all of these cases, as here, there was no increase in the overall amount of the debtors' liabilities. This fact pattern is far from the abuse of credit cards which Congress had in mind when § 523(a)(2)(C) was added to the Bankruptcy Code. To apply a presumption of fraud in such a situation, especially where, as here, the objecting creditor has received every penny of the challenged extension of credit, would be a distortion of the legislative purpose behind the creation of the presumption. Therefore, the Court determines that the funds at issue in this case were not "cash advances" within the meaning of § 523(a)(2)(C) and Plaintiff may not rely on "presumptive fraud" to establish that its debt is nondischargeable.

■ The Supplemental Affidavit did not purport to address the elements of "actual fraud" under § 523(a)(2)(A). Per *Field v. Mans,* 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), the elements of a claim for fraud under this section are based upon the Restatement (Second) of Torts § 525, which states:

> One who fraudulently makes a misrepresentation of...intention...for the purpose of inducing another to act in reliance on it, is [liable] to the other in deceit for pecuniary loss caused to him by his justifiable reliance on the misrepresentation.

■ It is apparent from the facts set forth in the Supplemental Affidavit that Plaintiff cannot establish all of the elements of fraud under § 523(a)(2)(A). In particular, Plaintiff cannot establish that it suffered any pecuniary loss from the credit

it extended to the Debtor in September, 2005, since all of the funds it advanced were immediately repaid to it.

The undisputed facts of this case, as shown in Plaintiff's own Supplemental Affidavit, establish that Plaintiff cannot prevail on either of the claims in its Amended Complaint. It is accordingly

ORDERED that Plaintiff's Motion for Default Judgment is DENIED; and it is

FURTHER ORDERED that Plaintiff's Amended Complaint is DISMISSED.