# United States Court of Appeals
## For the First Circuit

Nos. 08-2332, 08-2379

COLONIAL LIFE & ACCIDENT INSURANCE CO. and
UMASS MEMORIAL HEALTH CARE, INC.,

Plaintiffs-Appellees,

v.

MALCOLM S. MEDLEY, MARTIN S. EBEL, and
SUNILA THOMAS-GEORGE, in their official capacities as
Commissioners of the Massachusetts Commission Against
Discrimination, COMMONWEALTH OF MASSACHUSETTS, and
CAROLYN CALDERON,

Defendants-Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before
Torruella, Tashima,* and Lipez,
Circuit Judges.

Kenneth W. Salinger, Assistant Attorney General, with whom
Martha Coakley, Attorney General of Massachusetts, was on brief for
appellants Malcolm S. Medley, Martin S. Ebel, Sunila Thomas-George,
and Commonwealth of Massachusetts.
Susan Fendell, Mental Health Legal Advisors Committee, for
appellant Carolyn Calderon.
Richard C. Van Nostrand, with whom Jessica H. Munyon and
Mirick, O'Connell, DeMallie & Lougee, LLP, were on brief for
appellees.

---

\* Of the Ninth Circuit, sitting by designation.

July 8, 2009

**TASHIMA**, **Senior Circuit Judge**.  We must decide whether the district court erred in issuing a preliminary injunction against proceedings pending before the Massachusetts Commission Against Discrimination ("MCAD") on the ground that federal law preempted state law claims because the district court was required to abstain from deciding the preemption issue under the doctrine of Younger v. Harris, 401 U.S. 37, 45–47 (1971).  We conclude that where, as here, the preemption determination would require the district court to resolve a novel question of law, preemption is not "facially conclusive," and, under such circumstances, the district court was required to abstain from deciding the preemption issue.  We therefore reverse the preliminary injunction and remand to the district court with directions to dismiss or stay the action so that MCAD may decide the preemption question in the first instance.[1]

## I.  Background

Appellant Carolyn Calderon was previously employed by Appellee UMass Memorial Health Care, Inc. ("UMass").  As an employee, she received printed materials from UMass describing various disability benefits for which she was eligible.  One such benefit was an optional short-term disability ("STD") insurance program available to employees expected to work at least twenty hours per week.

---

[1]  We have jurisdiction of this appeal from the district court's grant of an interlocutory injunction under 28 U.S.C. § 1292(a)(1).

-3-

Under the program, the employee paid the premium and could choose between policies offered by two companies, one of which was Appellee Colonial Life & Accident Insurance Company ("Colonial"). Neither UMass's description of benefits nor Colonial's policy contained any reference to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., although the description included a section describing an employee's right to appeal a denial of benefits, which UMass and Colonial now characterize as "the employee's rights under ERISA."

Calderon selected and purchased the STD coverage from Colonial. Colonial's STD policy contained a provision excluding coverage for "psychiatric or psychological condition[s] including but not limited to affective conditions, neuroses, anxiety, stress and adjustment reactions." When Calderon later submitted a claim for STD benefits due to major depressive disorder, panic disorder, and grief reaction, Colonial denied benefits pursuant to this exclusion.

Calderon then filed a Charge of Discrimination with MCAD. The charge alleged that, by providing STD benefits to persons with physical, but not mental, disabilities, UMass and Colonial violated state anti-discrimination law, specifically, Massachusetts General Laws ch. 151B § 4 and 272 §§ 92A, 98, and 98A, as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

MCAD notified UMass and Colonial of the charge and requested that each submit a written "position statement."

In response, UMass and Colonial filed this action, seeking a declaratory judgment that Calderon's state law claims were preempted by ERISA and injunctive relief barring further investigation by MCAD.[2] UMass and Colonial also moved for a preliminary injunction.

MCAD and Calderon filed cross-motions to dismiss for lack of jurisdiction under the Younger abstention doctrine. They argued that preemption could not be "facially conclusive" here, for two reasons. First, they argued that Calderon's state law claims were not subject to ERISA preemption because they also constituted federal discrimination claims under the ADA. Because the First Circuit has never addressed whether the ADA prohibits discrimination between mental disabilities and physical disabilities in the provision of STD benefits, Calderon and MCAD argued that this constituted a question of first impression; thus, that preemption could not be facially conclusive. Second, they argued that a factual dispute existed as to whether the STD plan at issue actually qualified as an employee benefits plan under ERISA,

---

[2]    UMass and Colonial acknowledged that ERISA would not preempt Calderon's claims under the ADA. They argued, however, that if the state law claims were preempted, MCAD would lack authority to adjudicate the remaining federal claims and those claims, instead, would have to be investigated by the Equal Employment Opportunity Commission.

and that the existence of such a dispute required abstention under Younger, or, at a minimum, a factual determination by the district court.

The district court rejected both arguments and declined to abstain. It reasoned that, although the Younger criteria for abstention were met, it was "facially conclusive" that ERISA preempted the MCAD investigation with regard to Calderon's state anti-discrimination claims. In order to reach this conclusion, the district court first conducted its own analysis of whether Calderon's discrimination claims could succeed under the ADA, and thus survive preemption. It concluded that the ADA would not apply to Calderon's claims and, thus, they were preempted by ERISA.

The district court further concluded that no factual determination regarding the plan's ERISA status was necessary, reasoning that "factual inquiry [into the ERISA status of plaintiff's plan] is collateral to the issue presented here, and need not be conducted in federal court." The district court explained:

> At this stage of the proceedings, in deciding a motion for preliminary injunction, the Court finds only that the portion of the MCAD investigation applying state anti-discrimination law to a plan covered by ERISA is preempted. If further factual investigation before the MCAD, or future discovery in this action, reveals that the plan at issue here is in fact not covered by ERISA, the preliminary injunction will be modified accordingly.

Accordingly, the district court denied MCAD and Calderon's motions to dismiss and enjoined MCAD's investigation of Calderon's charge pendente lite. This timely appeal followed.

## II. "Facially Conclusive" Preemption Under Younger

Ordinarily, we "review the grant of a preliminary injunction for abuse of discretion." Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008). However, we review de novo whether Younger mandates a district court's abstention. Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 68 (1st Cir. 2005) (citing Younger, 401 U.S. at 45-47). If Younger requires abstention, "there is no discretion to grant injunctive relief." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 n.22 (1976).

### A.

As a matter of comity, federal courts are required to abstain from enjoining ongoing state court proceedings absent extraordinary circumstances. Younger, 401 U.S. at 43-47 (addressing state criminal prosecutions); New Orleans Pub. Serv., Inc. v. City of New Orleans ("NOPSI"), 491 U.S. 350, 366-68 (1989) (extending Younger to civil proceedings). "Ordinarily, the Younger question [of abstention] must be decided before decision on the merits of the underlying claim." Local Union No. 12004, USW v. Massachusetts, 377 F.3d 64, 76 n.11 (1st Cir. 2004) (citing Hicks v. Miranda, 422 U.S. 332, 346 (1975)).

-7-

Under Younger, a federal court must abstain "if (1) there is an ongoing state judicial proceeding involving the federal plaintiff that (2) implicates important state interests and (3) provides an adequate opportunity for the federal plaintiff to assert his federal claims." Id. at 77 (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982)).

The district court found that the three criteria for abstention under Younger were met here, and we agree. The parties do not dispute two of the criteria, namely, that a state judicial proceeding was pending before MCAD, and that those proceedings provided an adequate opportunity to raise the federal questions at issue. Under the remaining criterion, Colonial and UMass argue that the state proceedings do not implicate important state interests. We disagree — prohibiting unlawful employment discrimination is a "sufficiently important state interest" to warrant abstention. See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 629 (1986).

Because the three criteria of Younger are satisfied, abstention would be required unless an exception applies. See Local Union No. 12004, 377 F.3d at 77. The district court concluded it did not need to abstain because preemption was "facially conclusive," and we now turn to consideration of whether that exception was in fact applicable here.

**B.**

The Court has acknowledged that, "even assuming the state proceedings . . . are the sort to which <u>Younger</u> applies," abstention may not be appropriate "if the federal plaintiff will 'suffer irreparable injury' absent equitable relief." <u>NOPSI</u>, 491 U.S. at 366 (quoting <u>Younger</u>, 401 U.S. at 43–44). <u>NOPSI</u> further suggested that "[i]rreparable injury may possibly be established . . . by a showing that the challenged state statute is 'flagrantly and patently violative of express constitutional prohibitions.'" <u>Id.</u> (quoting <u>Younger</u>, 401 U.S. at 53–54). This suggestion, in turn, formed the basis for the Court's observation that a "facially conclusive" claim of preemption may likewise be "sufficient to render abstention inappropriate." <u>Id.</u> at 367.

Because the Court concluded that the proceedings there at issue would not meet such a standard, it stopped short of determining whether such an exception actually existed. <u>Id.</u> That observation, however, has provided a sufficient basis for several circuits, including the First Circuit, subsequently to recognize an exception to abstention where preemption is "facially conclusive." <u>See</u> <u>Chaulk Servs., Inc.</u> v. <u>Mass. Comm'n Against Discrimination</u>, 70 F.3d 1361, 1370 (1st Cir. 1995); <u>Local Union No. 12004</u>, 377 F.3d at 78.

As is often the case with abstract legal standards, courts have largely defined the term "facially conclusive" by rejecting

-9-

that which it is not. For example, the NOPSI Court explained that merely showing "a substantial claim of federal pre-emption" is not enough. 491 U.S. at 366-67 (emphasis supplied). Likewise, it noted that "[w]hat requires further factual inquiry can hardly be deemed "flagrantly" unlawful for purposes of a threshold abstention determination. Id. Finally, two of our sister circuits have held that questions of first impression preclude application of the "facially conclusive" exception. See GTE Mobilnet of Ohio v. Johnson, 111 F.3d 469, 478 (6th Cir. 1997); Woodfeathers, Inc. v. Wash. County, Or., 180 F.3d 1017, 1022 (9th Cir. 1999).

Calderon and MCAD argue that these principles preclude application of the "facially conclusive" exception here. We turn first to Calderon's argument that ERISA preemption was not facially conclusive because a question of first impression existed regarding her claims under the ADA.

**1.**

As the district court correctly noted, ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a); Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91 (1983). ERISA, however, does not preempt other federal laws, such as the ADA. See 29 U.S.C. § 1144(d) ("[N]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or

-10-

supersede any law of the United States."); Shaw, 463 U.S. at 102-03; Tompkins v. United Healthcare of New Eng., Inc., 203 F.3d 90, 96-97 (1st Cir. 2000). Further, because the ADA "contemplates that state laws will contribute to the overall federal enforcement regime," we have held that "state statutory claims target[ing] conduct unlawful under the ADA . . . would be exempt from ERISA preemption" as well. Id.

Calderon argued before the district court that her state law claims allege acts that are prohibited by the ADA, thus barring preemption. She further argued that, because the ADA's applicability to her claims presents a question of first impression in this circuit, preemption was not facially conclusive and that abstention was required. Colonial and UMass responded by arguing that, where preemption turns on the scope of another federal law, district courts have the authority to weigh novel arguments about that scope in order to determine the scope of preemption.

We have not had occasion to decide whether the ADA prohibits as discriminatory an employer's decision to provide short-term disability benefits to individuals with physical disabilities, but

not to those with mental disabilities.[3]  Therefore, this constitutes a question of first impression in our circuit.

That, however, is not the question before us today.  Rather, we must decide whether the district court properly delved into the question of the ADA's applicability to Calderon's claims under the strictures of the abstention doctrine as set forth in <u>Younger</u> and its progeny.  The district court acknowledged the lack of controlling precedent on the question of whether the ADA applies to claims such as Calderon's, but concluded that, under <u>Partners Healthcare Sys., Inc.</u> v. <u>Sullivan</u>, 497 F. Supp. 2d 29, 40 (D. Mass. 2007), it was permitted to answer that question before determining whether preemption was facially conclusive.  It further concluded that, in fact, it was required to do so under <u>Shaw</u>.  Thus, the district court "considered the rationale behind both positions" and determined that "the conclusion and reasoning of the court in

---

[3]     The district courts in this circuit are divided on the issue.  <u>Compare</u> <u>Witham</u> v. <u>Brigham & Women's Hosp., Inc.</u>, 2001 WL 586717, at *3 (D.N.H. 2001) (holding that the ADA does not require equal benefits); <u>Wilson</u> v. <u>Globe Specialty Prods., Inc.</u>, 117 F. Supp. 2d 92, 96 (D. Mass. 2000) (same); <u>Conners</u> v. <u>Me. Med. Ctr.</u>, 42 F. Supp. 2d 34, 55 (D. Me. 1999) (same); <u>with</u> <u>Fletcher</u> v. <u>Tufts Univ.</u>, 367 F. Supp. 2d 99, 111 (D. Mass 2005) (holding that the ADA prohibits discrimination between benefits for mental and physical disabilities); <u>Iwata</u> v. <u>Intel Corp.</u>, 349 F. Supp. 2d 135, 149 (D. Mass. 2004) (same); <u>Boots</u> v. <u>Nw. Mut. Life Ins. Co.</u>, 77 F. Supp. 2d 211, 220 (D.N.H. 1999) (same).

-12-

Wilson [were] substantially more compelling" and made "considerable practical sense."[4]

We consider first whether Shaw, indeed, requires a district court to undertake such an analysis and conclude that it does not, for the simple reason that Shaw was a straightforward preemption case and did not address abstention under Younger. See Shaw, 463 U.S. 92-93. It is true that Shaw indicates that a district court faced with a preemption question must determine whether the alleged acts are prohibited by federal law. See id. at 95-96. Shaw, however, does not address the interplay between "facially conclusive" preemption and the Younger abstention doctrine, let alone hold that a district court's preemption inquiry must trump Younger's requirements.

Indeed, the Supreme Court has already rejected such an approach to the abstention inquiry. In NOPSI, the Court expressly rejected NOPSI's argument that "a district court presented with a pre-emption-based request for equitable relief should take a quick look at the merits; and if upon that look the claim appears substantial, the court should endeavor to resolve it." See NOPSI, 491 U.S. at 364-65; see also Local Union No. 12004, 377 F.3d at 76 n.11 ("Ordinarily, the Younger question must be decided before

---

    [4] Curiously, the district court conducted this analysis, and resolved it in favor of Colonial and UMass, despite that fact neither Colonial nor UMass briefed the merits of the ADA claims raised by Calderon.

-13-

decision on the merits of the underlying claim."). Thus, while we recognize that Colonial and UMass may have stated "a substantial claim of federal pre-emption," such a claim is not enough to justify a federal court's intervention in an ongoing state proceeding. NOPSI, 491 U.S. at 366-67.

In sum, the district court's need to conduct a "detailed analysis," including resolving interjurisdictional differences, demonstrates that ERISA preemption of Calderon's state law claims was not, in fact, "facially conclusive." See GTE Mobilnet, 111 F.3d at 478. Therefore, we conclude that the principles set forth in Younger required the district court to abstain in deference to the state proceeding already underway.

The same principles of comity and federalism that proscribe the district court's jurisdiction likewise prohibit our consideration of the merits of Calderon's ADA claims in the first instance. See id. at 476-78. "In fact, to decide this preemption issue would require us to enter into a detailed analysis of state [and federal] law, a task in which we will not engage." Id. at 478. MCAD has jurisdiction to conduct this analysis in the first instance, and must be permitted to do so.

**2.**

Because the existence of a question of first impression regarding the ADA's applicability to Calderon's claims precludes preemption from being facially conclusive, and requires the

-14-

district court to abstain under <u>Younger</u>, we need not address whether the existence of a factual dispute as to the ERISA status of Colonial's STD plan required the district court either to make a factual determination or abstain under <u>Younger</u>.  We note, however, that the record shows Calderon presented evidence sufficient to raise a factual dispute as to whether the STD plan she purchased from Colonial was governed by ERISA, or would instead find refuge in the "safe harbor" regulation under which the Secretary of Labor chose to exempt from ERISA certain group insurance programs where the employer is only minimally involved in providing the coverage.  <u>See</u> 29 C.F.R. § 2510.3-1(j).  We observe here only that, given the existence of this factual dispute, we see several problems with the district court's determination that preemption was "facially conclusive."

First, contrary to the district court's assertion that it did not need to resolve this question, ERISA only preempts state laws to the extent that they "relate to any employee benefit plan" governed by ERISA.  29 U.S.C. § 1144(a).  Thus, "[e]xpress ERISA preemption analysis . . . involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' [within ERISA] and (2) whether the cause of action 'relates to' this employee benefit plan."  <u>Hampers</u> v. <u>W.R. Grace & Co., Inc.</u>, 202 F.3d 44, 49 (1st Cir. 2000) (internal quotation marks omitted).  Because <u>Younger</u> prohibits a district court from addressing the

merits of the parties' claims unless preemption is facially conclusive, and ERISA preemption requires that the plan at issue be covered by ERISA, the plan's ERISA status would have to be "facially conclusive." See Local Union No. 12004, 377 F.3d at 78. At this juncture, we have substantial doubts as to whether such was the case in this instance.

## III.  Conclusion

Because we conclude that preemption cannot be facially conclusive if it requires the district court's detailed analysis of a question of first impression, we reverse the district court's entry of a preliminary injunction, and direct that it either dismiss the action or stay further proceedings until MCAD has entered a final ruling on the charges pending before it. Appellants shall recover their costs on appeal from Appellees.

**REVERSED and REMANDED with directions.**